**VOLUNTEER SECURITY CO., INC., et al., v. A. A. DOWL, et al.**

33 So. (2nd) 150                                   June Term, 1947
December 2, 1947                              Special Division B
Rehearing denied January 6, 1948

*Mabry, Reaves, Carlton, Anderson, Fields & Ward* for Volunteer Security Co., Inc., and *J. W. Frazier, Sr., S. S. Sanford* and *Edwin R. Dickenson,* for other petitioners.

*Hardee & Bucklew,* for respondents.

BUFORD, J.:

We review under Rule 34 interlocutory order denying motion to dismiss and granting temporary restraining order. The latter order was made after testimony was taken.

The record shows that a forty acre plot was sub-divided by Cypress Estates and platted into ten blocks and streets; each block was divided into twenty-four lots.

There were no restrictions indicated by the plat or otherwise by anything in the record showing that the promoters and owners of the sub-division intended a general plan to burden the subdivision with restrictions.

Some of the lots in each nine of the blocks were sold and conveyed by deed embracing the following restrictive covenants viz:

"That not more than one main structure which shall be for residence only shall be constructed on said lot or that same shall not cost less than $4,000. Said building shall not be constructed nearer the street than 15 feet. Said property shall not be rented or sold to negroes or persons of African descent."

Some lots were sold in each of the blocks wherein sales were made and conveyed by deed without restrictive covenants and the remainder of the lots without any restrictions of record continued to be held by Cypress Estates until the State of Florida acquired title thereto because of default in payment of taxes.

The state conveyed lots together with other lots in the sub-division which it had likewise acquired to Volunteer Security Co., Inc. without restrictions except such restrictions on individual lots which appeared in the conveyances theretofore made by Cypress Estate applying only to such lots so conveyed.

There were no restrictive covenants in the deed made by Cypress Estates to either of the plaintiffs. There was such a re-strictive covenant in the contract for deed but that contract merged in the deed and when the deed was accepted all parties were bound by it as long as it remained unquestioned and unchallenged.

About 1945 the State conveyed the lands to Volunteer Security Co., Inc., and thereafter Volunteer Security Co., Inc. began the sale of lots in the sub-division to negroes, which resulted in the institution of this suit by the above named plaintiffs who alleged that the defendants were bound by the

above mentioned restrictive covenants as to all lots in the sub-division and prayed injunction restraining defendants from violating any of such restrictive covenants.

The bill of complaint and the evidence fails to show that the defendants have sold or offered for sale to negroes any lots in the said sub-division which were originally conveyed by deed containing restrictive covenants.

So it is that the question which we are to determine is, whether under the facts above outlined the restrictive covenants contained in some deeds may be enforced as to lots which were conveyed without such restrictive covenants and as to lots which had not been conveyed by the original owners of the sub-division or by its successor in title by deed from the State conveying title which the State acquired by reason of the default and non-payment of taxes.

We think this question has been definitely settled in Hall v. Snavely, 93 Fla. 664, 112 So. 551. In that case we held:

"Where restrictions upon the erection of buildings by lot owners in a particular sub-division are not contained in any of the muniments of defendant's title and are not contained in the record of documents affecting the title to defendant's lot that affords notice to the defendants, such restrictions will not be enforced upon the ground that they were intended by the grantor and should be implied."

And said:

"There is no allegation that the restriction sought to be enforced was contained or referred to in any muniment of title or on the plat of the subdivision or otherwise to afford binding constructive notice to the defendant whose title deed of conveyance did not include or refer to the restriction or to any document or record containing it. There is an allegation that some of the deeds conveying lots in the subdivision contained a provision that the restrictions referred to should apply to each and every lot in the subdivision; but it is not alleged that such deeds are duly recorded, even if that would afford constructive notice binding on the defendant. Allegations of the intentions of the Bayshore Realty Company, the common grantor, with reference to building restrictions in the sub-

division do not afford an equity for the relief prayed even if the defendant knew of such intentions."

See also Edgewater Beach Hotel Corporation v. Bishop et al., 120 Fla. 623, 163 So. 214 and Ossius v. Barton, 109 Fla. 556, 147 So. 862; Stephl v. Moore, 94 Fla. 313, 114 So. 455; Hysler v. Marceau, 95 Fla. 135, 116 So. 447; Moore v. Stevens, 90 Fla. 879, 106 So. 901; Eliem v. Sisters of Charity of St. Elizabeth, 101 N.J. Equity 761, 139 Atl. 174; Forman v. Safe Deposit & Trust Co., 114 Md. 574, 80 Atl. 298; Trustees of Columbia College v. Thacker, 87 N. Y. 311, 41 Am. Rep. 565.

These cases have a materially different background to that in Miles v. Holingsworth, 44 Cal. App. 539, 187 Pac. 167; King v. St. Louis Trust Co., 226 Mo. 351, 126 S.W. 415; Talmadge v. East River Bank, 26 N. Y. 105; Knott v. Oppenheimer 135 N.Y. 312, 31 N.E. 1097, and other cases where the plat of the lots and record of deeds referring to restrictions affecting all of the lots were held to be constructive notice to purchasers of the lots.

For the reasons stated, our conclusion is that the chancellor was in error in denying motion to dismiss the bill of complaint and in entering order for temporary injunction.

So, certiorari is granted and the orders reviewed are quashed with directions that bill of complaint be dismissed.

So ordered.

THOMAS, C.J., SEBRING and BARNS, JJ., concur.

BUFORD, J.:

On petition for rehearing it is pointed out that the record shows that forty-seven of the lots had been deeded with restrictions. It also appears that one or more of the appellees held under such deed. All of such deeds had been duly recorded.

These facts do not alter the conclusion reached in our opinion and judgment of December 2nd 1947.

Under the settled law the restrictions so made must be held to have been made for the benefit of the grantor and did not inure to the benefit of the grantee or to any other grantee as the restrictions in terms applied only to the deed in which they appeared. Restrictions applying to lots conveyed with-

out restrictions in the deeds to same could be proved only by matters of record showing restrictions applying to such lots so as to affect subsequent purchasers.

It, therefore, follows that proof of the allegations of the bill of complaint would not entitle plaintiffs to the relief prayed.

Petitioners have also filed motion for leave to amend the bill of complaint in the court below in the following respects:

"1. By alleging that a general plan or scheme was advertised to the world by the original subdividors of Cypress Estates, Inc., when said subdivision was put on the market for sale, by a full page advertisement in The Tampa Sunday Morning Tribune of October 19th 1924, which advertisement, among other things, contained the following: 'and properly restricting the *entire* property.'

"2. By alleging that nine of the eleven plaintiffs were original purchasers and are still owners of property in said subdivision, and that their duly recorded deeds contain the restrictions prohibiting ownership or occupancy by negroes in said subdivision."

The proposed allegations would add nothing of value to the equity of the bill and, therefore, this motion and the petition for rehearing should be denied.

So ordered.

THOMAS, C. J., SEBRING and BARNS, JJ., concur.