175 So.2d 791 (1965)
Samuel ST. CLAIR and Rachel St. Clair, his wife, Appellants,
v.
The CITY BANK AND TRUST COMPANY OF ST. PETERSBURG, etc., and J.M. Turnpaw, Appellees.
No. 5039.
District Court of Appeal of Florida. Second District.
May 19, 1965.
Rehearing Denied June 17, 1965.
Maynard F. Swanson, Jr., Clearwater, for appellants.
John J. DiVito, of DiVito & Bryson, St. Petersburg, for appellees.
SHANNON, Judge.
The defendants take an appeal from a summary decree of foreclosure.
The record reveals that the defendants purchased some real estate, receiving a *792 warranty deed for part of the property and a quitclaim deed for the remainder. The vendor accepted a purchase money mortgage and assigned it to the plaintiff-bank, which brought these foreclosure proceedings when payments were in default. The defendants contend that the lower court erred by summarily ruling against their defense of fraud, which, they argue, raises material questions of fact.
The plaintiff-bank filed an affidavit in which the attorney who represented the vendor stated that at the time the transaction was consummated it was discovered that a fifteen foot strip on one side of the property was not insurable, and that the defendants were advised of this and agreed to accept a quitclaim deed for this strip. The defendants have not submitted any evidence showing that there was fraud or that the circumstances were any different from what the above affidavit stated them to be.
It is well settled in Florida that in pleading fraud the pleader must state ultimate facts and not conclusions. See McClinton v. Chapin, 1907, 54 Fla. 510, 45 So. 35, and numerous other cases cited in 14 Fla.Jur., § 64.
In the present case the defendants state that there was fraud because the parties had a contract which provided that a warranty deed would be given for the entire piece of property. This contract is attached to the pleadings and is not signed by the vendor as is required by Fla. Stat., § 725.01, F.S.A. Moreover, it is the general rule that preliminary agreements and understandings concerning the sale of realty merge in the deed. Volunteer Security Co., Inc. v. Dowl, 1947, 159 Fla. 767, 33 So.2d 150.
The defendants have pleaded no facts which would support their naked allegation of fraud. In the absence of fraud, mistake, or other ground for equitable relief, one who accepts a quitclaim deed is conclusively presumed to have agreed to take the title subject to all risks as to defects or incumbrances. Zimmerman v. Hill, Fla. App. 1958, 100 So.2d 432; and Pierson v. Bill, 1938, 133 Fla. 81, 182 So. 631.
The chancellor did not err in entering the summary judgment.
Affirmed.
ALLEN, Acting C.J., and SEBRING, HAROLD L., Associate Judge, concur.