204 So.2d 31 (1967)
MILU, INC., a Florida Corporation, Appellant,
v.
Donald C. DUKE, Appellee.
No. 66-160.
District Court of Appeal of Florida. Third District.
November 21, 1967.
Rehearing Denied December 6, 1967.
*32 Alan B. Brody, Miami, for appellant.
Cassel & Benjamin, Miami, for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
HENDRY, Judge.
The plaintiff appeals an order dismissing, with prejudice, his third amended complaint. Error is also assigned for the dismissal of the preceding complaints.
In the original complaint plaintiff alleged that the cause of action arose by virtue of a deposit receipt between plaintiff and defendant wherein plaintiff agreed to sell a certain parcel of real property to defendant upon terms and conditions specified in said receipt.
That according to the terms of the receipt, plaintiff was to receive, as seller, the proceeds of a first mortgage of $45,000.00, a second mortgage of $12,000.00 and a number of shares in a corporation known as Abacon Development Limited in an amount, based upon market value, sufficient to equal the difference between the mortgages and the agreed purchase price of $80,000.00, that is $23,000.00.
That a closing of the sale was held, at which time plaintiff delivered to defendant a warranty deed to the property.
That defendant has failed and refused to deliver the stock promised and that by virtue thereof the plaintiff has been damaged to the extent of $23,000.00 and claims judgment therefor.
Defendant moved to dismiss the complaint on the grounds that it failed to state a cause of action; that the relief sought is at variance with the provisions of the deposit receipt attached to the complaint and that it appears from the pleadings that the transaction represented by the deposit receipt agreement has been closed, and under Florida law the deposit receipt agreement is merged in the closing, and no longer constitute basis of a cause of action. Upon *33 hearing, defendant's motion was granted. Plaintiff was granted leave to amend.
Plaintiff subsequently filed three amended complaints which set forth additional factual matter and changed its allegations to charge that the defendant did agree to deliver the stock in Abacon within a short period of time as soon as arrangements could be made to transfer the stock; that approximately seven months later defendant tendered delivery of escrowed shares of stock of Abacon; that plaintiff refused to accept same in satisfaction of defendant's obligation, such tender not being in accordance with the agreement of the parties.
The defendant moved to dismiss the amended complaint on the grounds that it failed to state a cause of action and that it failed to allege sufficient facts to justify damages. Defendant's motion was granted and the amended complaint was dismissed with leave to amend. Two more amended complaints were filed which sought recovery upon the same theory as that set forth in the first amended complaint. (No useful purpose would be served by burdening this opinion with discussion of the slight changes set forth.) Both the second and third amended complaints were dismissed pursuant to defendant's motion to dismiss based upon the same grounds previously heard, dismissal of the third amended complaint being with prejudice.
The first point on appeal is directed to the propriety of the court's order dismissing the original complaint. The question presented is whether a deposit receipt agreement is merged upon delivery of the warranty deed to such an extent that it can not be used as a cause of action.
It is appellant's contention that it does not and that it was error for the court to dismiss the complaint based upon the deposit receipt agreement. We find merit in appellant's contention and reverse.
It is a general rule that preliminary agreements and understandings relative to the sale of property usually merge in the deed executed pursuant thereto. 33 Fla.Jur., Vendor and Purchaser, Sec. 95; 10 Fla.Jur., Deeds, Sec. 151. However, there are exceptions to the merger rule. The rule that acceptance of a deed tendered in performance of a contract to convey land merges or extinguishes the covenants and stipulations contained in the contract does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed, or which are not necessarily performed or satisfied by the execution and delivery of the stipulated conveyance. Contractual provisions as to considerations to be paid by the purchaser are ordinarily not merged in the deed and, accordingly, evidence of such contractual provisions is admissible to show what consideration is to be paid by the purchaser although a deed has been accepted. 55 Am.Jur., Vendor and Purchaser, Sec. 328; American Law of Property (1952 ed.), Vol. III, Sec. 11.65; Thompson on Real Property, Vol. 8A, Sec. 4458.
The deposit receipt agreement sued upon falls within the exceptions to the general rule as to merger; therefore, we hold that the terms of the original agreement relative to the Abacon stock were not merged in the execution and delivery of the deed.
The other point on appeal is whether the plaintiff's amended complaints stated a cause of action.
The theory of the amended complaints was that there was an oral agreement between the parties, at the time of closing, that the stock called for in the deposit receipt agreement was to be delivered after closing and after delivery of the deed. Defendant's contentions in the trial court and here are that the alleged agreement is not enforceable at law, due to the fact that it is indefinite in its terms, and the court would not be in position to fix damages, because the date of delivery is non-definitive, and with the volatile nature of the corporate stock bearing on the market from *34 day to day the court would not have any guidepost to establish damages.
In testing the sufficiency of the complaint to state a cause of action all allegations of the complaint are taken as true and possible affirmative defenses are not considered. Livingston v. American Title & Insurance Company, Fla.App. 1961, 133 So.2d 483.
A pleading setting forth a claim for relief must state a cause of action. The pleading must contain a short and plain statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause of action against him this shall be sufficient. Section 1.110(b), Florida Rules of Civil Procedure (30 F.S.A.).
In Kislak v. Kreedian, Fla. 1957, 95 So.2d 510, the court set forth the measure which must be applied in this state to determine the sufficiency of the complaint to state a cause of action:
"While the Rules of Civil Procedure provide that the complaint shall be sufficient if it informs the defendant of the nature of the cause of action against him, the complaint must sufficiently allege ultimate facts which, if established by competent evidence, would support a decree granting the relief sought under law. In other words, the complaint must allege a cause of action recognized under law against the defendant; otherwise it does not, in contemplation of the rule, `inform the defendant of the nature of the cause of action against him.' To put it another way, the `nature of the cause' has reference to a cause of action cognizable under the law."
Applying the requirements of this rule to the complaint and the amended complaints it is concluded that the plaintiff has sufficiently alleged a cause of action. Therefore, the orders dismissing the complaint and the amended complaints are reversed.
We find no error in the denial of the plaintiff's motion for summary judgment.
For the reasons stated the cause is reversed and remanded for further proceedings.
Reversed and remanded.