233 So.2d 140 (1970)
Sherman STEPHAN, Appellant,
v.
Anna H. BROWN, Executrix of the Estate of Anna Pearl Kostro, Appellee.
No. 69-617.
District Court of Appeal of Florida, Second District.
March 18, 1970.
*141 Daniel B. Schuh, of Schuh, Schuh & Woodard, St. Petersburg, for appellant.
William A. Beam, Jr., St. Petersburg, for appellee.
PIERCE, Judge.
Appellant Sherman Stephan, plaintiff in the Court below, appeals to this Court from an order dismissing with prejudice his amended complaint brought against appellee Anna H. Brown, Executrix of the Estate of Anna Pearl Kostro, wherein Stephan sought rescission of a contract to purchase certain real estate, together with the Executrix's deed given pursuant to the contract, and the return to Stephan by the Executrix of the monies he had allegedly expended on the premises.
Stephan entered into a written contract with the Executrix, whereby Stephan agreed to purchase certain described property belonging to the estate. The contract provided that the property would be free and clear of all encumbrances. Prior thereto the Executrix had been notified by the City that the property "revealed substandard conditions" under the local City Code. Subsequent to execution of the contract to purchase, the Executrix executed and delivered to Stephan an Executrix's Deed containing no warranty against encumbrances on the property. Stephan accepted such deed as so executed and delivered.
Thereafter Stephan filed complaint against the Executrix to have the sale rescinded and to have both the contract and the Executrix's Deed set aside and all monies expended by him in connection with the deal restored to him, because of the existence of said alleged "encumbrance". Upon motion of the Executrix, the suit was dismissed with prejudice, from which order Stephan appeals to this Court. We affirm.
The trial Judge was correct in holding that the contract for sale of the property became merged with the Executrix's Deed, that the latter controlled with respect to warranties of sale, and that absent such warranty in the deed the Executrix was under no duty or obligation with respect to any warranty against encumbrances on the property after the deed had been accepted by the purchaser. This rule has been upheld uniformly by the Supreme Court of Florida, except under special circumstances not present here. See White v. Crandall, 1932, 105 Fla. 70, 143 So. 871; Volunteer Sec. Co. v. Dowl, 1948, 159 Fla. 767, 33 So.2d 150; St. Clair v. City Bank & Trust Co. of St. Petersburg, Fla. App. 1965, 175 So.2d 791. In addition to the foregoing, the rule is well settled that, in the transfer of realty belonging to a decedent's estate an executor or personal representative has no power in his representative capacity to give a warranty or covenant of title, including a covenant against encumbrances, but has authority to *142 convey only the interest that the decedent had in the realty in question. This, of course, is subject to the condition that the personal representative has done nothing in his said capacity to impair the title to the realty. See for full discussion of this question 31 Am.Jur.2d, Executors and Administrators, Sec. 172, White and Belcher, Probate Conveyancing, 12 U.Fla.L.Rev. 266 (1959), Denman v. Payne, 152 Ala. 342, 44 So. 635 (1907).
It follows that the order appealed from must be
Affirmed.
LILES, A.C.J., and McNULTY, J., concur.