PER CURIAM.
Appellants/plaintiffs (purchasers) appeal from an order dismissing their amended complaint with prejudice.
The amended complaint alleged, in essence, that appellants and appellee/defend-ant (seller) entered into a deposit receipt agreement for the purchase of an apartment house. The agreement provided that:
“Seller to provide a certificate of inspection of termites and roof.”
“No prior or present agreement or representations shall be binding upon any of the- parties hereto unless incorporated in this contract. No modification or change in this contract shall be valid or binding upon the parties unless in writing executed by the parties to be bound thereby.”
The transaction was closed, but appellee did not provide any certificate of inspection. Prior to closing, however, appellee’s representative advised appellants that he would furnish them with an inspection report indicating that the roof was in good condition. This report was to be provided after the closing, however, no such report was ever furnished.
The transaction was closed by appellants, in reliance upon appellee’s promise to provide the certificate following the closing. After the closing, appellants had the roof inspected and found it to be in such a poor condition that a new roof was required, at a cost of $13,000.00. Demands were made upon appellee to repair the roof, pay for repairs, or alternatively, to refund appellants their purchase price and rescind the entire transaction. Appellee, however, failed to respond to any of these demands.
Subsequent to the filing of an amended complaint which sought rescission, appellee moved to dismiss on the grounds that said amended complaint failed to state a cause of action upon which relief could be granted. More particularly, the motion stated that it was apparent from the face of the amended complaint that the transaction was consummated and therefore, according to the terms of the purchase agreement and the law, prior oral representations ceased and merged with the conveyed deed. It was further asserted in the motion that a mere promise to do something in the future, though subsequently broken, is not fraud in the “legal” sense, so as to be grounds for rescission.
The trial court granted the motion to dismiss with prejudice and this appeal follows.
The sole point on appeal is whether the trial court erred in dismissing appellants’ amended complaint with prejudice.
Upon consideration of the pleadings, briefs and arguments of counsel, we have concluded that the trial court did not err in dismissing the amended complaint, however, the amended complaint should not have been dismissed with prejudice as to all claims for relief. Appellants should have been given leave to amend their complaint to seek damages based upon breach of contract and/or fraud. The trial court was correct, however, in ruling that appellants had no cause of action for rescission. Milu, Inc. v. Duke, 204 So.2d 31 (Fla. 3d DCA 1967).
Accordingly, the judgment appealed from is affirmed in part and reversed in part, and the cause is remanded for further proceedings.
Affirmed in part, reversed in part and remanded for further proceedings.