363 So.2d 58 (1978)
Peter STEINBERG and Ina Steinberg, His Wife, Appellants,
v.
BAY TERRACE APARTMENT HOTEL, INC., a Florida Corporation, Appellee.
No. 78-22.
District Court of Appeal of Florida, Third District.
October 10, 1978.
Eli Breger, North Miami Beach, for appellants.
Charles L. Neustein, Miami, for appellee.
Before HAVERFIELD, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
This is an appeal by plaintiffs from an order dismissing their complaint, with prejudice.
The complaint alleged that plaintiffs entered into a contract for the purchase of an *59 apartment house from the defendant, that under the terms of the contract the apartment house to be purchased consisted of twenty-three efficiency units and that based upon such representations, the transaction was closed. At the time of closing, plaintiff, Peter Steinberg executed a purchase money mortgage in favor of the defendant.
After the closing, the Building and Zoning Department of the City of Miami Beach advised plaintiffs that the apartment house which plaintiffs purchased from defendant, had a designated use of ten units and could not be occupied by twenty-three tenants, nor had permits ever been issued changing the use from ten units to twenty-three units.
It was further alleged that defendant, through its officers, knew that the apartment house which it sold could not be used for the rental of twenty-three efficiency units and that such action on the part of said defendant was a fraud upon plaintiffs, or in the alternative, was the result of a mistake or, that it was a breach of a representation set forth in the contract.
Plaintiffs sought to have the transaction set aside and offered to make an accounting to defendants.
The defendant moved to dismiss the complaint on the grounds (1) that the plaintiffs are an estate by the entireties by virtue of a warranty deed from Peter Steinberg to Ina Steinberg and Peter Steinberg, husband and wife, and the defendant did not convey title to the plaintiffs, but instead, conveyed title to Peter Steinberg, individually, and therefore, the plaintiffs are not in privity with the defendant; (2) that the defendant made no warranties or representations to the plaintiffs estate by the entireties; (3) that there are no representations or warranties set forth in the contract for sale with regard to zoning; (4) that plaintiffs do not allege anywhere that they relied upon representations made by the defendant nor that they had a right to rely on representations made by the defendant.
The complaint was dismissed, with prejudice, on the grounds of lack of privity, merger of contract into the deed and lack of any warranties with respect to zoning.
The appellants contend that the trial court erred in ruling that (1) the plaintiffs did not have sufficient standing: (2) that there was a merger of the contract into the deed, and (3) that there was a lack of any warranties with respect to zoning.
Upon review of the complaint and consideration of the points on appeal, we have concluded that the trial court erred in dismissing the complaint. We hold that the complaint stated a cause of action and should not have been dismissed. Gabel v. Simmons, 100 Fla. 526, 129 So.`777 (Fla. 1930); Musselwhite v. Oleson, 60 Fla. 342, 53 Son 944 (Fla. 1910); Milu, Inc. v. Duke, 204 So.2d 31 (Fla.3d DCA 1967); Soper v. Stine, 184 So.2d 892 (Fla.2d DCA 1966).
Reversed and remanded for further proceedings.