364 So.2d 533 (1978)
Thomas J. FRASER, Appellant,
v.
Irving SCHOENFELD and Ruth Schoenfeld, His Wife, Appellees.
No. 78-33.
District Court of Appeal of Florida, Third District.
November 21, 1978.
Richard J. Mandell, Miami, for appellant.
Eli Breger, North Miami Beach, for appellees.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The appellant, Thomas J. Fraser, contracted to purchase a fifty year old apartment house on Miami Beach from the appellees, Irving Schoenfeld and Ruth Schoenfeld, his wife. Before closing, Fraser discovered what he believed to be violations of the building and zoning regulations of the City of Miami Beach. He wrote a letter declining to close. Thereafter, upon the statement of the Schoenfelds that they would sue him if he did not close, the purchase and sale were completed and the deed and possession delivered. Shortly after the closing of the sale, the City of Miami Beach building inspectors uncovered substantial and numerous defects in the building. The appellant, Fraser, sued for damages alleging a violation of a covenant in the contract of sale. The covenant reads as follows:
"8. Seller further states that there are no code violations of the City of Miami Beach or the County of Dade."
Appellees sued upon the purchase money note, which was in default. The trial judge, after a trial before the court without jury, allowed recovery to Fraser for certain incidental repairs necessary to correct plumbing defects but denied recovery for the alleged structural violations.
This appeal urges error by the trial court in failing to allow the purchaser, Fraser, recovery for the substantial defects *534 that existed in the building prior to the sale but which the City of Miami Beach had not inspected until after the sale.
It is important that this is not a case alleging fraud. Not only is fraud absent from the pleadings, but also on appeal it is stipulated that fraud is not involved.
We hold that where, as here, the purchaser has knowledge of claimed violations and, thereafter, closes the deal, he is precluded by the doctrine of merger from a subsequent suit on a covenant contained in the contract of sale. See the rule of law in Volunteer Security Co. v. Dowl, 159 Fla. 767, 33 So.2d 150, 151 (1947); and Stephan v. Brown, 233 So.2d 140, 141 (Fla.2d DCA 1970).
The present case is distinguished from our recent opinion in Steinberg v. Bay Terrace Apartment Hotel, Inc., 363 So.2d 58 (Fla.3d DCA 1978), in that, first of all, the Steinberg case dealt with the dismissal of a complaint. Secondly, and of more importance, is the fact that the Steinberg opinion is based on an exception to the general rule of merger. As stated in Milu, Inc. v. Duke, 204 So.2d 31 (Fla.3d DCA 1967):
"It is a general rule that preliminary agreements and understandings relative to the sale of property usually merge in the deed executed pursuant thereto. 33 Fla.Jur., Vendor and Purchaser, Sec. 95; 10 Fla.Jur., Deeds, Sec. 151. However, there are exceptions to the merger rule. The rule that acceptance of a deed tendered in performance of a contract to convey land merges or extinguishes the covenants and stipulations contained in the contract does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed, or which are not necessarily performed or satisfied by the execution and delivery of the stipulated conveyance."
* * * * * *
In the present case, it is apparent that the nature and wording of paragraph 8 of the preliminary agreement, supra, do not bring that paragraph within the exception relied upon in Steinberg. Unquestionably, the agreement was fully merged into the completed deed.
Appellant's second point on appeal does not show any prejudicial error in the trial court's permitting an amendment of the appellees' pleadings to include the defense of waiver. See Florida Rule of Civil Procedure 1.190(b).
Affirmed.