381 So.2d 744 (1980)
Charles R. CAMPBELL and Joyce M. Campbell, His Wife, Appellants,
v.
Walter C. RAWLS, Jr. and Sheila D. Rawls, His Wife, Appellees.
No. PP-82.
District Court of Appeal of Florida, First District.
April 2, 1980.
*745 Tyrie A. Boyer, of Boyer, Tanzler, Blackburn & Boyer, Jacksonville, for appellants.
William Nussbaum, of Goldman, Presser & Nussbaum, Jacksonville, for appellees.
PER CURIAM.
The Campbells appeal a final judgment awarding the Rawls damages in a breach of contract action based upon appellants' warranty contained in a February 1978 purchase and sale agreement which states in part:
Seller warrants air conditioning and heating systems,... to be in working order at time of Closing. Buyer, at his expense, may inspect such systems 3 days prior to Closing, and in the event discrepancies exist, Seller will repair same at Seller's expense.
*746 We affirm the trial court's ruling that the warranty did not merge with the execution and delivery of the deed on March 16, 1978. Merger "does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed, or which are not necessarily performed or satisfied by the execution and delivery of the stipulated conveyance." Milu, Inc. v. Duke, 204 So.2d 31, 33 (Fla.3d DCA 1967). Our research reveals that the warranty in this case is the type of independent covenant generally excepted from the merger doctrine. Meyers v. Antone, 227 A.2d 56, 57 (D.C.App. 1967); Goodspeed v. Nichols, 231 Mich. 308, 204 N.W. 122, 123, 125 (1925); Annot., 38 A.L.R.2d 1310 (1954). Further, we construe the plain language of the agreement to mean that the Rawls were not required to inspect the premises three days before closing and report discrepancies to preserve their rights under the warranty. We also affirm the trial court's finding that the air-conditioning system was not in working order at the time of closing, recognizing that this presented a close factual issue. In this connection, the error in allowing appellees to introduce copies of newspaper articles containing the daily high and low temperatures is considered harmless.
However, we must reverse the trial court's ruling that the appellees are entitled to damages measured by the cost of installation of two new air-conditioning systems, rather than the cost of repairing the existing system. We hold that under the circumstances presented, the damages recoverable by appellees must be limited to the repairs necessary to place the existing system in working condition, not in such condition as would be necessary to guarantee its working life for any specific period of time, because no such guarantee was in the agreement between the parties. In the case of a breach of contract, the purpose of compensation is to restore the injured party to the condition which he would have been in had the contract been performed. Those damages which are the natural and proximate result of the breach are recoverable. See generally 17 Fla.Jur.2d Damages § 26. The Rawls can neither receive more than they bargained for nor be put in a better position than they would have been had the contract been performed. Meyers v. Antone, 227 A.2d at 59.
The purchase and sale agreement provided for reasonable attorney's fees to the prevailing party. Although we affirm the award of attorney's fees to appellees at trial, and hereby award reasonable attorney's fees to appellants for prevailing on appeal, the trial court shall not only determine the reasonableness of the fees to be awarded appellants, but shall redetermine the reasonableness of the award to appellees, and in each instance should consider all relevant factors appearing in the resolution of this case. See generally 12 Fla.Jur.2d Costs § 36; § 59.46, Florida Statutes (1979).
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.