GLICKSTEIN, Judge.
This appeal from a final summary judgment attacks the underlying order granting appellees’ motion for summary judgment and denying appellant’s similar motion. We affirm the judgment on the issue of liability but reverse on the determination of the amount of damages.
On March 3,1978, the parties entered into a deposit receipt contract by which appellant agreed to sell his mobile home park in Boynton Beach to appellees. The contract contained the following clauses:
4. This contract is contingent upon the Purchasers being able to obtain all necessary permits and licenses to operate the facility including but not limited to the Palm Beach County Occupational License, the Boynton Beach Mobile Home License, and the State of Florida Hotel and Restaurant License.
5. Seller warrants that at the time of closing there are no violations of licenses, permits, planning or zoning ordinances, easements land or deed restrictions.
The transaction closed on May 1, 1978, and the following day appellees applied for the required licenses, including an occupational license from the City of Boynton Beach. Licenses from the State of Florida and Palm Beach County were obtained without incident. The City of Boynton Beach, however, issued a conditional license, contingent upon appellees’ repair of all mechanical, electrical and plumbing violations which existed. Appellee made the required repairs and brought this action to recover its expenditures in so doing.
Appellant argues that this case should be governed by the decision in Fraser v. Schoenfeld, 364 So.2d 533 (Fla. 3d DCA 1978). In that case the parties’ contract for the *1283 purchase of an apartment house contained the following clause:
8. Seller further states that there are no code violations of the City of Miami Beach or the County of Dade.
Before closing the purchaser discovered what he believed to be violations of the city’s building and zoning regulations. When he informed the sellers of his intention not to close because of the violations, the sellers threatened with legal action. The transaction was thereupon closed and the deed and possession were delivered. Shortly thereafter the city’s building officials discovered substantial and numerous defects in the building. The Third District Court of Appeal held:
We hold that where, as here, the purchaser has knowledge of claimed violations and, thereafter, closes the deal, he is precluded by the doctrine of merger from a subsequent suit on a covenant contained in the contract of sale. See the rule of law in Volunteer Security Co. v. Dowl, 159 Fla. 767, 33 So.2d 150, 151 (1947); and Stephan v. Brown, 233 So.2d 140, 141 (Fla. 2d DCA 1970).
Id. at 534.
The present case is distinguishable from Fraser v. Schoenfeld, supra, in two respects. First, the record does not disclose that ap-pellees knew of the violations but closed despite them. Second, the language of paragraph 4 in the contract here plainly survived the closing; and so did the language of paragraph 5 insofar as the obtaining of those licenses after the closing depended upon the absence of violations. Consequently, we believe that the instant case falls within the exceptions to merger. See Milu, Inc. v. Duke, 204 So.2d 31, 33 (Fla. 3d DCA 1967), where the court said:
It is a general rule that preliminary agreements and understandings relative to the sale of property usually merge in the deed executed pursuant thereto. 33 FlaJur., Vendor and Purchaser, Sec. 95; 10 FlaJur., Deeds, Sec. 151. However, there are exceptions to the merger rule. The rule that acceptance of a deed tendered in performance of a contract to convey land merges or extinguishes the covenants and stipulations contained in the contract does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed, or which are not necessarily performed or satisfied by the execution and delivery of the stipulated conveyance.
See also Campbell v. Rawls, 381 So.2d 744, 746 (Fla. 1st DCA 1980).
The only proof offered by either party in support of the respective motions for summary judgment being the deposition of Mr. Turner, it is uncontradicted that the city license could not be obtained because of violations which existed at closing. The trial court was therefore correct in its entry of summary judgment in favor of the purchasers on the issue of liability.
The damages award, however, is not fully supported by the evidence. During the deposition of Mr. Turner, counsel for appellant introduced as an exhibit a one page summary prepared by counsel for ap-pellees. The summary consisted of a compilation of bills in the sum of $7,914.23 incurred by appellees in the repairs required by the City. Mr. Turner further testified to an additional bill of $599. None of the figures was disputed as to their accuracy and the adequacy and admissibility of the proof were not raised at the trial court. Therefore, the evidence will support an award of $8,513.23 plus costs as stated in counsel’s affidavit of $134.50. We do not know how the trial court arrived at a damages figure of $8,626.54 plus costs. Accordingly, we affirm the entry of summary judgment on the issue of liability but reverse as to the amount of damages and remand with directions to enter judgment for appellees in the sum of $8,513.23 plus costs of $134.50.
AFFIRMED in part, REVERSED in part, and REMANDED.
LETTS, C. J., and DOWNEY, J., concur.