402 So.2d 1309 (1981)
Steve OPLER, As Trustee, Appellant,
v.
Joel F. WYNNE, Trustee, Appellee.
No. 80-2245.
District Court of Appeal of Florida, Third District.
August 18, 1981.
Rehearing Denied September 21, 1981.
*1310 Myers, Kaplan, Levinson, Kenin & Richards and Bruce J. Berman, Miami, for appellant.
Howard J. Hollander, Miami, for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
NESBITT, Judge.
This is an appeal from a summary final judgment entered against the buyer of a landlocked parcel of land. The parties entered into a land sale contract for a small irregular parcel of land situated in unincorporated Dade County. The contract contained the following clause:
F. INGRESS AND EGRESS: Seller covenants and warrants that there is ingress and egress to said property.
The parties did not agree to a conveyance of an express easement of way. The seller's closing attorney caused a title insurance policy to be issued specifically exempting *1311 ingress and egress. At closing, the seller delivered and the buyer accepted a deed which did not grant any easement of way to the buyer. The deed contained a clause which provided that the conveyance was "[s]ubject to conditions, restrictions and limitations of record... ."
After the buyer went into possession, his attempt to develop the property was frustrated because the parcel was landlocked. The buyer then commenced an action for declaratory judgment against the seller for damages for breach of the express warranty and against adjacent and peripheral landowners for a declaration of his entitlement to ingress and egress. The seller filed an answer containing a general denial as well as the affirmative defenses of merger, waiver, and estoppel. The seller then perfected a motion for summary judgment in support of his affirmative defenses upon which he procured a favorable final judgment, which the buyer now appeals.
The principal contention on appeal is whether the buyer's acceptance of the deed of conveyance, under these circumstances, precludes his action for damages under the doctrine of merger. The general rule is that all preliminary agreements and understandings relative to the sale of land usually merge into the deed of conveyance. Milu, Inc. v. Duke, 204 So.2d 31 (Fla. 3d DCA 1967). The same rule applies to covenants contained in a land sale contract. Stephan v. Brown, 233 So.2d 140 (Fla. 2d DCA 1970). However, there is a clear exception as to covenants in a land sale contract, which are outside of, collateral to, or independent of the provisions of the deed; they survive delivery and acceptance of the deed of conveyance and remain enforceable. Soper v. Stine, 184 So.2d 892 (Fla. 2d DCA 1966) and cases cited therein. Accord, Campbell v. Rawls, 381 So.2d 744 (Fla. 1st DCA 1980); 33 Fla.Jur. Vendor and Purchaser § 95. This is precisely such a case. The buyer's acceptance of the seller's deed as well as his acquiescence to the remainder of the seller's performance did not constitute a merger because the seller's covenant expressly warranted that there was ingress and egress to the land.
Likewise, we do not find merit in the defendant's affirmative defense of waiver. Waiver is the intentional relinquishment of a known right. Firemen's Fund Insurance Company v. Vogel, 195 So.2d 20 (Fla. 2d DCA 1967). Absent knowledge, waiver will not arise. City of North Miami Beach v. Flora, 315 So.2d 12, 15 (Fla. 3d DCA 1975). In this case, the buyer's knowledge that the seller did not convey an easement of way, the buyer's acquiescence to the title insurance policy, and his acceptance of the deed subject to conditions, restrictions, and limitations of record were extrinsic to the express covenant warranting ingress and egress. The buyer was entitled to accept the deed and acquiesce in the seller's performance secure in his knowledge that he was protected by the seller's express warranty of ingress and egress.
Lastly, the seller was not in position, based upon his own proofs, to claim the affirmative defense of estoppel. As grantor, he could not claim detrimental reliance upon his own willful act. Palatka Federal Savings and Loan Association v. Raczkowski, 263 So.2d 842 (Fla. 1st DCA 1972). A party's wrongful act cannot ordinarily serve as the basis for a claim of estoppel against another. Jefferson National Bank v. Metropolitan Dade County, 271 So.2d 207 (Fla. 3d DCA 1972), cert. denied, 277 So.2d 536 (Fla. 1973). Here, the seller's willful act was the breach of a covenant warranting ingress and egress.
For the foregoing reasons, the summary final judgment in favor of the seller was erroneous. Upon this record, the buyer, even as non-moving party, was entitled to partial summary judgment imposing liability upon the seller.[1]
*1312 The final judgment in favor of the seller, including attorney's fees, is reversed and remanded with directions: (1) to enter a partial final summary judgment determining liability in favor of the buyer; and (2) for further proceedings with respect to the assessment of damages including the seller's affirmative defense as to the buyer's alleged failure to mitigate damages.[2]
Reversed and remanded.
NOTES
[1] A summary judgment may be entered for a non-moving party where the other party moves for summary judgment and the record discloses the non-moving party is entitled to summary judgment. Carpineta v. Shields, 70 So.2d 573 (Fla. 1954); King v. L & L Investors, Inc., 133 So.2d 744 (Fla. 3d DCA 1961), cert. denied, 142 So.2d 93 (Fla. 1962). See, Jockey Club, Inc. v. Blake, 297 So.2d 44 (Fla. 3d DCA 1974).
[2] Juvenile Diabetes Research Foundation v. Rievman, 370 So.2d 33 (Fla. 3d DCA 1979).