521 So.2d 303 (1988)
AMERICAN NATIONAL SELF STORAGE, INC., a Florida Corporation, Appellant,
v.
Carlos C. LOPEZ-AGUIAR, Appellee.
No. 87-281.
District Court of Appeal of Florida, Third District.
March 8, 1988.
*304 Herbert A. Warren, Miami, for appellant.
Bonnie Rippingille, Coral Gables, for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
American National Self Storage, the purchaser of a parcel of real property, sued the seller, Carlos Lopez-Aguiar, alleging that the seller breached the following express warranty contained in the contract of sale:
"The Seller further represents and warrants that water, sewer and electric service are presently available at the property line or lines of the premises with sufficient capacity to accommodate a 45,000 sq. ft. office/warehouse building."
American alleged that the water and sewer connections were not, as warranted, "presently available at the property line," but rather were so distant from it that American had to pay more than $25,000 to extend the lines for its use. Lopez-Aguiar countered, first, that the contract containing the warranty merged into the deed, which contained no such warranty and, *305 thus, American's right to enforce the provision of the sales contract was extinguished, and second, because American learned of the lines' location prior to closing and proceeded to close without objection, American waived any right to enforce the warranty. The trial court entered a summary judgment for the seller. American appeals.
Because we conclude that the execution and delivery of the deed did not, ipso facto, extinguish the warranty of the contract, and because the seller has not otherwise attempted to show that the parties intended that the warranty of the contract be merged into and extinguished by the silent deed, we reverse the summary judgment under review and remand the cause for further proceedings.[1]
Where a provision of a contract to sell land is not performed or satisfied by the execution and delivery of the deed, "[t]he rule that acceptance of a deed tendered in performance of a contract to convey land merges or extinguishes the covenants and stipulations contained in the contract does not apply... ." Milu, Inc. v. Duke, 204 So.2d 31, 33 (Fla. 3d DCA 1967). See Peterson v. Peterson, 431 So.2d 672 (Fla. 3d DCA 1983); Stephan v. Brown, 233 So.2d 140 (Fla. 2d DCA 1970); St. Clair v. City Bank & Trust Co., 175 So.2d 791 (Fla. 2d DCA 1965). It is said that "[i]n such case, the delivery of the conveyance is merely a part performance of the contract, which remains binding as to its further provisions." Gabel v. Simmons, 100 Fla. 526, 529, 129 So. 777, 778 (1930); Graham v. Commonwealth Life Insurance Co., 114 Fla. 585, 154 So. 335 (1934).
The continued efficacy, then, of collateral agreements which are not usually included in the terms of a deed is not affected by the merger rule. See Milu, Inc. v. Duke, 204 So.2d 31; Soper v. Stine, 184 So.2d 892 (Fla. 2d DCA 1966). Such collateral agreements call for acts by the seller which go beyond merely conveying clear title and placing the purchaser in possession of the property. For example, in Campbell v. Rawls, 381 So.2d 744 (Fla. 1st DCA 1980), the court found that because the seller's warranty in the contract of sale that the air conditioning and heating systems would be in working order at the time of closing was an independent covenant generally excepted from the merger doctrine, the buyer was not required to inspect the property and report discrepancies before closing in order to preserve his rights under the warranty. Likewise, in Mallin v. Good, 93 Ill. App.3d 843, 49 Ill.Dec. 168, 417 N.E.2d 858 (1981), the buyer was entitled to close on the property with knowledge of the seller's breach of covenants in the sales contract without losing the right to enforce them. The court, reversing summary judgment for the seller, found that the covenants  that "all heating, plumbing, electrical and air conditioning would be in working order at the time of closing" and that "any damage to [the] roof to be repaired by seller"  survived the conveyance of title by deed because they were collateral undertakings, incidental to the transfer of title. Mallin v. Good, 49 Ill.Dec. at 169, 417 N.E.2d at 859. See also Stiles v. Bodkin, 43 Cal. App.2d 839, 111 P.2d 675 (1941) (no merger despite acceptance of deed to property on which improvements, called for by the contract of sale, had not yet been made); Knight v. Hedden, 112 Ga. App. 847, 146 S.E.2d 556 (1965) (jury question presented as to merger of seller's guarantee in sales contract of dry basement and working fireplace); *306 McKee v. Cartledge, 79 Ga. App. 629, 54 S.E.2d 665 (1949) (acceptance of deed does not act as a merger of seller's obligations under written sales contract to complete and properly finish house and install improvements);[2]Mueller v. Banker's Trust Co., 262 Mich. 53, 247 N.W. 103 (1933) (seller's undertaking in contract to build bridge not merged in deed); Caparrelli v. Rolling Greens, Inc., 39 N.J. 585, 190 A.2d 369 (1963) (seller's warranty that panelled section of basement was habitable and usable for normal daily activity deemed to be collateral undertaking which survived delivery and acceptance of deed).
In contrast, where the provision in the contract of sale pertains to the title to the property or warrants that the title is unencumbered  covenants usually included in the deed itself  the merger rule applies. See, e.g., Stephan v. Brown, 233 So.2d 140 (Fla. 2d DCA 1970) (warranty in contract that the realty would be free of encumbrances not enforceable after purchaser accepted a deed which did not contain the warranty); Volunteer Security Co. v. Dowl, 159 Fla. 767, 33 So.2d 150 (1947) (restrictive covenants contained in contract but omitted from deed not enforceable once deed accepted); St. Clair v. City Bank & Trust Co., 175 So.2d 791 (Fla. 2d DCA 1965) (where buyers accepted quitclaim deed at closing, sellers' prior agreement to convey by warranty deed extinguished by merger).[3]
Turning now to the present case, it is clear to us that the seller's agreement  that water, sewer and electrical service are presently available at the property line  calls for acts by the seller that go beyond merely conveying good title and placing the purchaser in possession of the property; it is not an agreement usually contained in a deed, related to the condition of the title to property, or satisfied by the execution and delivery of the deed. We have no difficulty in concluding, then, that the warranty in American's contract was not merged in and extinguished by the deed, and that, therefore, the summary judgment for the seller which concluded otherwise was improper. Our reversal of the summary judgment does not, however, foreclose the seller from attempting to prove, by evidence other than the deed itself, that the parties intended that the warranty of the contract of sale was to be extinguished by the conveyance of the property. Furthermore there remains to be resolved at trial a dispute over whether the warranty  assuming it survived  was fulfilled, that is, whether the water and sewer lines were, as promised, "presently available at the property line" at the time of closing.
Reversed and remanded.
NOTES
[1] We reject the seller's separate contention that, even if the warranty did not merge in the deed, the purchaser waived its rights by silently going through with the closing. The same reasons which lead us to conclude that there is no merger also lead us to conclude that silence does not constitute a waiver. Obviously, if the parties intended that the warranty survive the closing and delivery of the deed, then the purchaser's knowledge that the water and sewer lines were not available at the property line and its concomitant silence are immaterial since the purchaser understandably would be relying on the seller's living up to his undertaking after the closing. See Opler v. Wynne, 402 So.2d 1309 (Fla. 3d DCA 1981) (a party does not waive its right to enforce an express warranty of ingress and egress by accepting a deed in part performance of the contract); Annotation, Merger of Contract in Deed, 38 A.L.R.2d 1310, 1312 (1954). If, on the other hand, the parties intended that the contract be merged in the deed, then the warranty is extinguished and there is nothing to enforce, and thus no right of enforcement which could be waived by the purchaser's knowledge and silence before closing.
[2] We note that Holmes v. Worthey, 159 Ga. App. 262, 282 S.E.2d 919 (1981), aff'd, 249 Ga. 104, 287 S.E.2d 9 (1982), overruled Knight and McKee in respect to their holdings that merger was dependent upon the point in time that improvements were to be made. Holmes held that the merger doctrine does not bar suit by owners against builders for breach of sales contract because provisions pertaining to construction are not performed by delivery and acceptance of warranty deeds. Worthey v. Holmes, 249 Ga. 104, 287 S.E.2d 9 (1982).
[3] While the seller relies on Fraser v. Schoenfeld, 364 So.2d 533 (Fla. 3d DCA 1978), and Steinberg v. Bay Terrace Apartment Hotel, Inc., 375 So.2d 1089 (Fla. 3d DCA 1979), we find these cases to be inapposite because they concern an encumbrance on property and a restriction on the use of property, respectively, and thus are simply examples of warranties which, as we have noted above, are generally considered to merge in the deed.