679 So.2d 889 (1996)
Mera RUBELL, Trustee, Appellant,
v.
Nathan FINKELSTEIN, etc., et al., Appellees.
Nos. 95-3114, 95-2437.
District Court of Appeal of Florida, Third District.
September 25, 1996.
William F. Murphy, Miami, for appellant.
Mishan, Sloto & Greenberg and Carol L. Cox, Miami, and Alan M. Berger, New York City, for appellees.
Before NESBITT, FLETCHER and SHEVIN, JJ.
FLETCHER, Judge.
Appellant, Mera Rubell, trustee [Buyer], appeals from an order dismissing her complaint and the subsequent judgment entered in favor of appellees, Nathan Finkelstein, etc., et al. [Sellers], in an action for breach of a contract for the sale and purchase of real estate. For the reasons which follow, we reverse the final judgment entered in favor of the Sellers.
The Buyer entered into a contract for sale and purchase of real property that was encumbered by existing leases. According to the contract, the Sellers were to furnish the Buyer with copies of all existing leases, which the Buyer then had an opportunity to review and either accept or terminate the contract. The contract also provided that any new lease entered prior to closing required approval by the Buyer. Notwithstanding this provision, the Sellers executed a new lease without the Buyer's approval (indeed, over her objection). Following closing, the Buyer negotiated a release from the offending lease and filed suit against the Sellers to recover her damages. The Sellers successfully moved to dismiss the complaint based on the merger rule.
Generally, the acceptance of a deed tendered in performance of a contract to convey land merges or extinguishes the preliminary agreements and understandings contained in the contract. The rule does not apply, however, to provisions of the sale contract not intended by the parties to be extinguished or incorporated in the deed. American Nat'l Self Storage, Inc. v. Lopez-Aguiar, *890 521 So.2d 303 (Fla. 3d DCA), rev. denied, 528 So.2d 1182 (Fla.1988); Sager v. Turner, 402 So.2d 1282 (Fla. 4th DCA 1981); Campbell v. Rawls, 381 So.2d 744 (Fla. 1st DCA 1980); Milu, Inc. v. Duke, 204 So.2d 31 (Fla. 3d DCA 1967); 19 Fla. Jur.2d Deeds § 145 (1980). Here, an addendum to the contract between the parties states that the Sellers represent and warrant to the Buyer that the leases provided to her prior to closing constitute all of the leases and that there are no understandings or agreements except as set forth in those leases. More importantly, the contract expressly provides that these "representations and warranties made by the Seller[s] ... shall survive closing." The execution of the new lease breached the parties' agreement as to the lease representations, which representations survived the closing. The trial court, therefore, erred in applying the merger rule.
Accordingly, the judgment in favor of the Sellers is hereby reversed and the cause is remanded for further proceedings consistent with this opinion. Our decision renders moot the issue raised on cross-appeal.