927 So.2d 913 (2006)
Terrie TOWERS, Appellant,
v.
CLARENDON NATIONAL INSURANCE COMPANY, Appellee.
No. 2D05-2620.
District Court of Appeal of Florida, Second District.
January 4, 2006.
Rehearing Denied January 26, 2006.
John V. Tucker of Law Offices of Anderson & Tucker, St. Petersburg, for Appellant.
Daniel D. Whitaker and E. Ashley McRae of Carey, O'Malley, Whitaker & Manson, P.A., Tampa, for Appellee.
KELLY, Judge.
Terrie Towers appeals the nonfinal order granting Clarendon National Insurance Company's motion to compel arbitration. Because we conclude that the trial court erred in finding that Towers' claim is subject to arbitration, we reverse.
Towers purchased a health insurance policy from Clarendon in October 2002. *914 She subsequently made a claim under the policy which was denied by Clarendon on the basis that the condition which formed the basis of her claim was preexisting. Clarendon thereafter sent Towers a letter, accompanied by her premium check, informing her that no benefits would be paid because of her preexisting condition which voided her coverage under the policy. In response to her verbal appeal, Clarendon sent Towers two more letters explaining the reason for rescission of her coverage and stating that her coverage was "null and void."
Towers then filed suit against Clarendon and Nicholas Insurance Group. Count I of the complaint is against Clarendon for breach of contract, and counts II through IV are against Nicholas for fraud in the inducement, negligent misrepresentation, and violations of the Florida Deceptive and Unfair Trade Practices Act. Approximately one month later, Clarendon filed a motion to dismiss or alternatively to stay litigation and compel arbitration. The trial court denied Clarendon's motion to dismiss but granted its motion to compel arbitration. This appeal ensued.
When ruling on a motion to compel arbitration, courts must consider three elements: whether a valid written agreement exists, whether an arbitrable issue exists, and whether the right to arbitration has been waived. Stacy David, Inc. v. Consuegra, 845 So.2d 303 (Fla. 2d DCA 2003) (citing Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999)). Towers does not dispute that the parties entered into a valid contract/agreement, nor does she challenge the arbitration provision which applies to "[a]ny disputes which You may have under the Group Policy or otherwise with Us or Our aurthorized Administrator.. . . The right of arbitration may be invoked by either You or Us or both." However, she contends that Clarendon voided the contract by rescinding her coverage and returning her premium, leaving nothing to arbitrate. We agree.
Under Florida law, an insurer has the right to unilaterally rescind an insurance policy on the basis of misrepresentation in the application for insurance. Fabric v. Provident Life & Accident Ins. Co., 115 F.3d 908 (11th Cir.1997) (citing Pino v. Union Bankers Ins. Co., 627 So.2d 535 (Fla. 3d DCA 1993)). No consent by the opposing party is needed. Id. at 913. By returning Towers' premium, Clarendon voided the contract between the parties rendering all of the contractual provisions, including the arbitration clause, unenforceable. The trial court therefore had no basis to order arbitration of this dispute. See Henderson v. Coral Springs Nissan, Inc., 757 So.2d 577 (Fla. 4th DCA 2000) (holding that an arbitration clause became unenforceable when an automobile dealership rescinded the contract containing the arbitration clause prior to the motion to compel arbitration). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
SALCINES and LaROSE, JJ., Concur.