920 So.2d 1254 (2006)
MERCEDES HOMES, INC., Appellant,
v.
Noel and Jackqueline ROSARIO, and Alexis Rosario, by and through her mother and next friend, Jackqueline Rosario, Appellees.
No. 2D05-3153.
District Court of Appeal of Florida, Second District.
February 24, 2006.
*1255 David B. Weinstein and Kimberly S. Mello of Bales Weinstein, Tampa, for Appellant.
Wendolyn S. Busch of Mechanik Nuccio Hearne & Wester, P.A., Lutz, for Appellees.
THREADGILL, EDWARD F., Senior Judge.
In this interlocutory appeal, Mercedes Homes, Inc. ("Mercedes"), challenges the trial court's nonfinal order denying its motion to compel arbitration as to certain counts of Noel and Jackqueline Rosario's multicount complaint against it. We reverse and remand.
The Rosarios entered into a home construction contract with Mercedes. Pursuant to that contract, Mercedes provided the Rosarios with a home warranty. The Rosarios and a representative of Mercedes signed the warranty application, which included the following statement: "By signing, Homebuyer acknowledges that s/he has read the warranty and consents to the terms and conditions of the warranty including the binding arbitration provision contained therein."
The referred-to arbitration provision states as follows:
Any and all claims, disputes and controversies by or between the Homeowner, the Builder, HBW VI, or any combination of the foregoing, arising from or related to this Warranty, to the subject Home, to any defect in or to the subject Home or the real property on which the subject Home is situated, or the sale of the subject Home by the Builder, including without limitation, any claim of breach of contract, negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract, including this arbitration agreement, and breach of any alleged duty of good faith and fair dealing, shall be submitted to arbitration....
. . . .
Any disputes concerning the interpretation or the enforceability of this arbitration agreement, including without limitation, its revocability or voidability for *1256 any cause, the scope of arbitrable issues, and any defense based upon waiver, estoppel or laches, shall be decided by the arbitrator.
(Emphasis added.)
After the Rosarios moved into their home, the windows began leaking, causing mold to grow. A building inspector hired by the Rosarios determined that the leaking was due to improper application of plaster or stucco, improper flashing, poor application of exterior paint, and improper construction of the window sills. Ultimately, the Rosarios sued Mercedes for breach of contract, violation of Florida's building code, violation of Florida's Deceptive and Unfair Trade Practices Act, and fraudulent concealment. Mercedes moved to stay and to compel arbitration, asserting that the home warranty's arbitration provision required the parties to arbitrate all of their disputes. In response, the Rosarios argued that there was no valid arbitration agreement and that even if there was, because the warranty excluded coverage for violations of the building code, any damage caused or made worse by mold, and any personal injury, the arbitration agreement did not apply to any such claims. Following a hearing on Mercedes' motion to stay and compel, the trial court entered an order granting the motion as to the Rosarios' claims for breach of contract and violation of Florida's Deceptive and Unfair Trade Practices Act but denying the motion as to the claims for violation of the Florida Building Code and fraudulent concealment, concluding that these latter two claims were not arbitrable because they were excluded from warranty coverage.
On appeal, Mercedes argues that the trial court erred by making a determination of which issues were subject to the arbitration clause. Mercedes maintains that pursuant to the home warranty, the parties contracted to vest the arbitrator with such power. We agree.
In First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942-43, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (citations omitted), the Supreme Court stated:
[W]ho  court or arbitrator  has the primary authority to decide whether a party has agreed to arbitrate can make a critical difference to a party resisting arbitration. We believe the answer to the "who" question ... is fairly simple. Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question "who has the primary power to decide arbitrability" turns upon what the parties agreed about that matter.
Here, the arbitration clause clearly states that disputes regarding the interpretation of the arbitration clause, including the scope of arbitrable issues, will be decided by the arbitrator. As such, it was merely for the trial court to determine whether there was a valid arbitration agreement. Because the trial court did grant Mercedes' motion to compel arbitration as to two of the Rosarios' claims, it is clear that it found a valid agreement here. Once that determination was made, the question of the scope of the agreement should have been left to the arbitrator.
We reverse the trial court's order and remand with instructions to enter an order granting the motion to stay the proceedings and referring the matter to the arbitrator to determine the scope of arbitrable issues.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., concur.