925 So.2d 1108 (2006)
Julian NUNEZ, Ashley Nunez, Michael Yatros, and Jean Ann Yatros, Individually and on behalf of all others similarly situated, Appellants/Cross-Appellees,
v.
WESTFIELD HOMES OF FLORIDA, INC., Appellee/Cross-Appellant.
No. 2D05-1089.
District Court of Appeal of Florida, Second District.
April 5, 2006.
L. Joseph Shaheen, Jr., Joshua E. Burnett, and Mitchell C. Robiner of Gardner *1109 Wilkes Shaheen; Kellie Lightbourn of Kellie Lightbourn, P.A.; and Stuart C. Markman and Robert W. Ritsch of Kynes, Markman & Felman, P.A., Tampa, for Appellants/Cross-Appellees.
Gregory J. Orcutt of Bricklemyer, Smolker & Bolves, P.A.; and Timothy A. Hunt and Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa, for Appellee/Cross-Appellant.
LaROSE, Judge.
This is an appeal from a nonfinal order compelling arbitration. See Fla. R.App. P. 9.130(a)(3)(C)(iv). The underlying dispute involves claims that a builder constructed homes that did not comply with applicable building codes. We review the trial court's order de novo. See RNK Family Ltd. P'ship v. Alexander-Mitchell Assoc., 788 So.2d 1035, 1036 (Fla. 2d DCA 2001); Ocwen Fed. Bank FSB v. LVWD, Ltd., 766 So.2d 248, 249 (Fla. 4th DCA 2000). Because the parties did not agree to arbitrate claims such as those presented here, we reverse.
Julian and Ashley Nunez and Michael and Jean Ann Yatros (collectively, the Buyers), bought new homes built by Westfield Homes of Florida, Inc. (Westfield). Allegedly, Westfield violated building codes by misapplying the exterior stucco. According to the Buyers, Westfield applied the stucco so thinly that it made the homes more susceptible to cracking, water, wind, and fire damage. The Buyers alleged further that Westfield violated building codes by failing to install drainage devices to allow water to escape from behind the stucco. Limited leakage and stucco staining may have occurred in one home. Nevertheless, the Buyers do not allege that their homes sustained any physical damage as a result of the alleged building code violations.
The Buyers sued Westfield, alleging that the building code violations caused a diminution of their homes' value. In their class action[1] complaint, the Buyers seek damages for breach of contract and relief under section 553.84, Florida Statutes (2000).[2]
Westfield moved to compel arbitration. According to Westfield, its Limited Home Warranty (the Warranty) requires the Buyers to arbitrate Unresolved Warranty Issues. The Warranty defines Unresolved Warranty Issues as:
All requests for warranty performance, demands, disputes, controversies and differences that may arise between the parties to this Limited Warranty that cannot be resolved among the parties. An Unresolved Warranty Issue may be a disagreement regarding:
(a) the coverages in this Limited Warranty;
(b) an action performed or to be performed by any party pursuant to this Limited Warranty;
(c) the cost to repair or replace any item covered by this Limited Warranty.
The Buyers opposed Westfield's motion. They argued that the alleged building code *1110 violations were not Unresolved Warranty Issues subject to arbitration. The trial court granted Westfield's motion, concluding that the Buyers' claims "potentially" are within the scope of the Warranty. We cannot agree.
When they bought their homes, the Buyers executed sales contracts in which they agreed to "waive and relinquish ... any claims for repairs or modifications to the property except as specifically covered by [the] Warranty." A disclosure addendum provides that, with respect to Warranty service, any disputes "over the need for service or repair, the technique or method of work, [Westfield's] duties under the ... Warranty, or the interpretation or meaning of the ... Warranty," will be resolved according to the provisions of the Warranty.
The Warranty explicitly details what is and is not covered. Indeed, the Warranty contains approximately eleven pages of situations, so-called warranty standards, that the Buyers may encounter during the Warranty period and describes the efforts, if any, that Westfield will take to repair the situation. For example, Westfield must repair exterior cracks in stucco, cement, and plaster surfaces that exceed one-eighth inch in width. The Buyers allege no such condition. The Warranty is silent as to screeds or other drainage devices described by the Buyers; apparently, Westfield undertook no warranty obligation for such items.[3]
Westfield also made clear that it would incur no liability under the Warranty absent physical damage. The Warranty does not extend to "[a]ny deficiency which does not result in actual physical damage or loss to the Home." Particularly important for our analysis, the Warranty excludes coverage for "[v]iolation of applicable Building Codes or ordinances unless such violation results in a Defect which is otherwise covered under this ... Warranty." (Emphasis added). The Warranty defines a "Defect" as "[a] condition of any item warranted by this ... Warranty which exceeds the allowable tolerance specified in this ... Warranty." Thus, absent a "Defect" otherwise covered by the Warranty, building code violations, by themselves, are beyond the scope of Westfield's Warranty obligations. Moreover, under any circumstances, the Warranty does not obligate Westfield to conform a home to the applicable building codes.
The language of the Warranty certainly is not crystalline. Scrutinizing the operative document, however, we discern a simple framework to determine whether the Buyers must submit their claims to arbitration. The Warranty extends only to specified situations. Westfield will remedy only those situations. Absent a defect otherwise covered by the Warranty, the Warranty does not extend to building code violations. If the parties dispute Warranty coverage, Unresolved Warranty Issues exist. Westfield chose to limit the scope of disputes subject to arbitration. Cf. Mercedes Homes, Inc. v. Rosario, 920 So.2d 1254 (Fla. 2d DCA 2006). Only Unresolved Warranty Issues must be arbitrated.
Although the Warranty and related sales contract may be unduly complex, the legal issue is straightforward. In ruling on a motion to compel arbitration, the trial court must decide (1) whether a valid written agreement to arbitrate existed; (2) *1111 whether an arbitrable issue exists; and (3) whether the right to arbitrate has been waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); Towers v. Clarendon Nat'l Ins. Co., 927 So.2d 913, 2006 WL 12939 (Fla. 2d DCA Jan.4, 2006). Here, we are called upon to decide only whether the parties agreed to arbitrate the building code violations as described in the class-action complaint.
We, of course, must accord the parties' contract language its plain meaning. See Interfirst Fed. Sav. Bank v. Burke, 672 So.2d 90, 92 (Fla. 2d DCA 1996). Guided by this principle, we conclude that the alleged building code violations are not subject to arbitration. The Buyers do not allege that their homes have sustained physical damage or otherwise suffer from a situation that triggered Westfield's Warranty obligations. The Buyers do not allege and Westfield does not concede that the Warranty, on its face, extends to their claims.
To the contrary, the Warranty specifically excludes such coverage. Although an Unresolved Warranty Issue extends to "all requests for warranty performance, demands, disputes, controversies and differences," this provision necessarily presupposes the existence of some situation otherwise covered by the Warranty. Because Westfield chose to exclude from the Warranty the types of claims made by the Buyers, there can be no Unresolved Warranty Issues as to these claims. And, the limited arbitration provision in the Warranty mandates arbitration only of Unresolved Warranty Issues. See Grosseibl v. J. Chris Howard Builders, Inc., 739 So.2d 1255 (Fla. 5th DCA 1999) (holding arbitration not required because warranty did not cover buyer's claims). Accordingly, we reverse the order compelling arbitration and remand for further proceedings in the trial court.
In its cross-appeal, Westfield challenges the trial court's reservation of jurisdiction to consider any remaining building code violation claims "depending on the outcome of the arbitration." This ruling anticipated the possibility that if the arbitrator decided that the Buyers' claims are not covered by the Warranty, the Buyers could pursue nonwarranty claims in the trial court. Because we conclude that this matter should proceed in the trial court, Westfield's cross-appeal is moot.
Reversed and remanded.
FULMER, C.J. and BAIRD, W. DOUGLAS, Associate Judge, Concur.
NOTES
[1] The Buyers purported to represent a class of:

All persons who own a home located in Florida which was built, or is being built, by Westfield in violation of applicable building code requirements regarding stucco application and thickness and/or in violation of applicable building code requirements that weep screeds or other effective means of drainage behind stucco be installed.
[2] Section 553.84 provides:

Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation....
[3] With respect to water leakage and staining in one of the homes, the Warranty does not list mold as a covered item. Coverage for leakage appears in the Warranty section dealing with basements and is limited to leaks with actual flow or trickling of water through a wall or flow causing an accumulation. The class-action complaint alleges no such conditions.