OPINION
{¶ 1} Plaintiffs-appellants George Scott, et al. appeal from the July 19, 2005, Judgment Entry of the Delaware County Court of Common Pleas granting the Motion to Compel Arbitration and Stay Proceedings filed by defendant-appellee Centex Real Estate Corp.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellants George and Joan Scott are the owners of real property located on Kentonhurst Court in Westerville, Ohio. Appellants purchased the property in November of 2002 from the original owners. The house was built by appellee Centex Real Estate Corp in 2001 and included a ten (10) year written limited warranty. The warranty provided that it automatically transferred to subsequent owners during the ten year period. The limited warranty further contained an arbitration clause stating, in relevant part, as follows:
 {¶ 3} "You begin the arbitration process by giving Administrator written notice of your request [for] arbitration of an Unresolved Warranty Issue. Within twenty (20) days after the Administrator's receipt of your notice of request for arbitration, and Unresolved Warranty Issue that you have with Warrantor shall be submitted to the National Academy of Conciliators or to another independent arbitration service upon which you and the Administrator agree . . ."
 {¶ 4} In January of 2004, appellants noticed black mold spots in the front windows of the house. In May of the same year, appellants noticed a mold smell in a second floor bedroom. Appellants notified appellee of the mold problem, but appellee was unable to remedy the same.
 {¶ 5} Subsequently, on April 6, 2005, appellants filed a complaint against appellee, among others, in the Delaware County Court of Common Pleas. Appellants, in their complaint, alleged that appellee "was negligent in its design, construction and repair of the premises, in failing to prevent water infiltration and the growth of mold." Appellants also alleged that appellee failed to perform in a workmanlike manner and breached its limited warranty. With respect to the breach of warranty claim, appellants specifically alleged as follows:
 {¶ 6} "23. Defendant Centex marketed, advertised, and warranted that the home was free of defects, built in accordance with industry standards, and was compliant with the applicable building code(s) . . .
 {¶ 7} "24. Defendant Centex, breached this warranty by failing to design and construct the home at 7744 Kentonhurst Court in accordance with standard building practices and applicable building, safety, and health codes, by failing to correct substandard work, and performing limited, substantial, and inadequate repairs, none of which have corrected the problem.
 {¶ 8} "25. As direct and proximate result of Defendant Centex's breach of warranty, the Plaintiffs have suffered physical, emotional, and pecuniary loss, including but not limited to, damage to their personal and real property."
 {¶ 9} In their complaint, appellants sought both compensatory and punitive damages for their physical, emotional and pecuniary loss and damage to their personal and real property.
 {¶ 10} Thereafter, on May 16, 2005, appellee filed a Motion to Dismiss, or in the alternative, to Compel Arbitration and Stay Proceedings. Appellee, in its motion, moved the trial court to either dismiss the case because of the written arbitration provision contained in the limited warranty or, in the alternative, for an order compelling arbitration and staying the proceedings pursuant to R.C. 2711.02(B).
 {¶ 11} On June 21, 2005, appellants filed a response of appellee's motion. Appellants, in their response, argued that their claims for negligence and failure to perform in a workmanlike manner were not subject to arbitration under the limited warranty and that the arbitration clause in the written limited warranty was unenforceable.
 {¶ 12} As memorialized in a Judgment Entry filed on July 19, 2005, the trial court declined to dismiss appellants' complaint, but granted appellee's Motion to Compel Arbitration and Stay Proceedings.
 {¶ 13} Appellants now raise the following assignment of error on appeal:
 {¶ 14} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS-APPELLANTS IN GRANTING DEFENDANT-APPELLEE'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS."
 I {¶ 15} Appellants, in their sole assignment of error, argue that the trial court erred in granting appellee's Motion to Compel Arbitration and Stay Proceedings. We agree.
 {¶ 16} However, before addressing the merits of this appeal, we must state that the proper standard of review for this case is the "abuse of discretion" standard. Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 17} Appellee's Motion for a Stay of Proceedings was brought pursuant to R.C. 2711.02(B). Such section states as follows:
 {¶ 18} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 19} The Ohio Supreme Court has noted that the courts, both state and federal, and the legislature all favor arbitration. SeeABM Farms, Inc. v. Woods, 81 Ohio St.3d 498, 500,692 N.E.2d 574, 1998-Ohio-612. In ABM Farms, Inc., supra, the Ohio Supreme Court held that "only when the making of the arbitration clause is itself at issue may the trial court proceed to try the action." ABM Farms, Inc., 81 Ohio St.3d at 501. "If the agreement to arbitrate is not at issue, then the court must compel arbitration to proceed." Smith v. Whitlatch Co.
(2000), 137 Ohio App.3d 682, 685, 739 N.E.2d 857. "The scope of the power and authority of the arbitrator to determine all of the issues raised by the appellants in their complaint is left to the arbitration process. . . . If the arbitrator concludes that parts of the complaint are beyond the jurisdiction or authority of the arbitrator, they may be remanded to the trial court for further proceedings according to law." Bakula v. Schumacher Homes, Inc.
(Feb. 26, 2001), Geauga App. No. 2000-G-2272, 2001 WL 179827 at 3.
 {¶ 20} However, arbitration is a matter of contract and parties cannot be required to submit to arbitration those disputes that they have not agreed to submit to arbitration.Cross v. Carnes (1998), 132 Ohio App.3d 157, 165-166,724 N.E.2d 828. The scope of an arbitration clause, that is whether a controversary is arbitrable under the provisions of a contract, is a question for the trial court to decide upon examination of the contract. Divine Constr. Co. v. Ohio-American Water Co.
(1991), 75 Ohio App.3d 311, 316, 599 N.E.2d 388, However, because of the policy favoring arbitration, a clause in a contract providing for dispute resolution by arbitration should not be denied effect "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Gibbons-Grable Co. v. GilbaneBldg. Co. (1986), 34 Ohio App.3d 170, 173, 517 N.E.2d 559. "Any doubts should be resolved in favor of coverage under the contract's arbitration clause." Independence Bank v. ErinMechanical (1988), 49 Ohio App.3d 17, 18, 550 N.E.2d 198. The stay should be issued if any of the issues raised are referable to arbitration under a written agreement. See R.C. 2711.02;Austin v. Squire (1997), 118 Ohio App.3d 35, 37,691 N.E.2d 1085. See also Monahan v. Schumacher Homes, Inc., Stark App. No. 2001CA00168, 2001 WL 1468919, 2001-Ohio-1789.
 {¶ 21} In the case sub judice, the arbitration provision contained in the limited warranty requires arbitration of "Unresolved Warranty Issue[s]." An "Unresolved Warranty Issue" is defined as follows:
 {¶ 22} "All requests for warranty performance, demands, disputes, controversies and differences that may arise between the parties to this limited warranty that cannot be resolved among the parties. An unresolved Warranty Issue may be a disagreement regarding:
 {¶ 23} "a. the coverages in this Limited Warranty;
 {¶ 24} "b. an action performed or to be performed by any party pursuant to his Limited Warranty;
 {¶ 25} "c. the cost to repair or replace any item covered by this Limited Warranty."
 {¶ 26} Thus, we must first consider whether appellants' claims are covered by the limited warranty. If the limited warranty does not cover appellants' claims, then the arbitration provision in the limited warranty is not applicable.
 {¶ 27} In the case sub judice, the limited warranty provided by appellee states, in relevant part, as follows under the section captioned "Warranty Coverage":
 {¶ 28} "1. ONE YEAR COVERAGE: Your Builder warrants that for a period of one (1) year after the Effective Date of Warranty, warranted items will function and operate as presented in the Warranty Standards of Year 1, Section III. A. Coverage is ONLY available where specific Standards and Actions are represented in this limited Warranty.
 {¶ 29} "2. TWO YEAR COVERAGE: Your Builder warrants that for a period of two (2) years from the Effective Date of Warranty, specified portions of the heating, cooling, ventilating, electrical and plumbing systems, as defined in this Limited Warranty, will function and operate as presented in the Warranty Standards of Years 1 and 2 only, Section III.B.
 {¶ 30} "3. TEN YEAR COVERAGE: Major Structural Defects (MSD) are warranted for ten (10) years from the Effective Date of Warranty. Your Builder is the Warrantor during Years 1 and 2 of this Limited Warranty and the Insurer is the Warrantor in Years 3 through 10."
 {¶ 31} Because appellants' home was built in 2001 and appellants discovered the alleged problems in 2004, the limited warranty provided coverage only for major structural defects.
 {¶ 32} The limited warranty defines the term "major structural defects" as follows:
 {¶ 33} "All of the following conditions must be met to constitute Major Structural Defect:
 {¶ 34} "a. actual physical damage to one or more of the following specified load-bearing segments of the home;
 {¶ 35} "b. causing the failure of the specific major structural components; and
 {¶ 36} "c. which affects its load-bearing function to the degree that it materially affects the physical safety of the occupants of the home.
 {¶ 37} "Load-bearing components of the home deemed to have MSD potential:
 {¶ 38} "(1) roof framing members (rafters and trusses);
 {¶ 39} "(2) floor framing members (joists and trusses);
 {¶ 40} "(3) bearing walls;
 {¶ 41} "(4) columns;
 {¶ 42} "(5) lintels (other than lintels supporting veneers);
 {¶ 43} "(6) girders;
 {¶ 44} "(7) load-bearing beams; and
 {¶ 45} "(8) foundation systems and footings.
 {¶ 46} "Examples of non-load bearing elements deemed not to have Major Structural Defect potential:
 {¶ 47} "(1) non-load-bearing partitions and walls:
 {¶ 48} "(2) wall tile or paper, etc.;
 {¶ 49} "(3) plaster, laths or drywall;
 {¶ 50} "(4) flooring and subflooring material;
 {¶ 51} "(5) brick, stucco, stone or veneer;
 {¶ 52} "(6) any type or exterior siding;
 {¶ 53} "(7) roof shingles, sheathing* and tar paper;
 {¶ 54} "(8) heating, cooling, ventilating, plumbing, electrical and mechanical systems;
 {¶ 55} "(9) appliances, fixtures or items, of equipment; and
 {¶ 56} "(10) doors, trim, cabinets, hardware, insulation, paint and stains."
 {¶ 57} In the case sub judice, appellants, in their complaint, do not allege that their home suffered from any major structural defect. Nor is there any allegation in appellants' complaint that there was actual damage to any of the above specified load-bearing segments that caused the failure to the specific structural component. We further find that the water infiltration and mold do not fit within the above definition. In short, we find that appellants' alleged damages are not unresolved warranty issues subject to arbitration. The warranty does not cover appellant's claims. We find that the arbitration provision contained in the limited warranty, therefore, does not apply and the trial court erred in granting appellee's Motion to Compel Arbitration and Stay Proceedings.[1]
 {¶ 58} Appellants' sole assignment of error is, therefore, sustained.
 {¶ 59} Accordingly, the judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded for further proceedings.
Edwards, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded for further proceedings. Costs assessed to appellee.
[1] See, for example, Nunez v. Westfield Homes of Florida,Inc., 925 So.2d 1108, 2006 WL 1118135. In such case, home buyers brought a class action against a home builder, alleging that the builder had failed to comply with building codes. The builder filed a motion to compel arbitration based in an arbitration clause contained in its limited warranty. After the trial court granted the motion, the home buyers appealed. The District Court of Florida, however, reversed, finding that the buyers did not allege any physical damages covered by the limited warranty. The court noted that "[b]ecause Westfield chose to exclude from its warranty the type of claims made by the buyer(s) there can be no unresolved warranty issues as to these claims. And, the limited arbitration provision in the warranty mandates arbitration only of unresolved warranty issues." Id. at 3.