ALTENBERND, Judge.
Pulte Home Corporation appeals an order denying its motion to compel arbitration concerning claims made in a lawsuit filed by Vermillion Homeowners Association, Inc. The lawsuit alleges certain construction defects further described in this opinion. We reverse the order to the extent that the Association is suing as a representative of the homeowners, all of whom agreed to arbitrate their claims. In so ruling, we leave open the possibility that the Association could amend its complaint to allege a more limited claim involving property owned by the Association. Although the claims of the homeowners must be arbitrated, it is possible that a claim concerning property owned by the Association would not require arbitration.
This lawsuit concerns a development in Pasco County known as Vermillion. According to the complaint filed by the Association, Pulte was the builder of “the common areas, roads, drainage ponds, building exteriors, roofs, and other matters at Vermillion.” Although our record is very limited, it appears that the homes in question are townhomes individually owned by homeowners who are members of the Association. Although the homes are owned individually, the homeowners, as members of the Association, have some maintenance functions performed on their homes by the Association. For example, the declarations of covenants, conditions and restrictions of Vermillion provide that the Association is required to maintain not only the common areas, but also the exterior of the buildings. The Association is not required to maintain doors, door frames, glass surfaces, and locks. The Association can be authorized to perform additional maintenance beyond the required maintenance.
The complaint filed by the Association in this lawsuit seems carefully crafted to avoid a full description of the construction issues in dispute. In count II, the complaint alleges that Pulte “impliedly warranted to the lot owners ... common areas, common property, building exteriors and/or roofs of the Association....” It then alleges that Pulte breached the warranty by “failing, in constructing the common area improvements, common property, building exteriors and/or roofs of the Association, to comply with the requirements of the applicable building codes, and by failing to construct in accordance with good design, engineering and construction practices....”
*235 Thus, from the complaint, it is impossible to know what defects are at issue. From the transcripts in the record, it appears likely that the primary issues relate to the exterior of the homes and to the roofs. If there are problems with the roads or the drainage ponds, for example, that cannot be ascertained from the complaint.
The Association filed this action “in its own rights and as lawful and adequate representative of all of the owners of the lots comprising the Association, all of whom are members of the Association.”[1]
Pulte responded to the complaint by filing a motion to compel arbitration. The motion and relevant attachments establish that all of the owners of the townhomes entered into arbitration agreements with Pulte in both the purchase agreement and the applicable “Pulte Protection Plan” limited warranty. It appears undisputed that the individual homeowners would be required to arbitrate any claims involving construction defects if they brought the actions individually.
The Association correctly observes that it did not sign a purchase agreement or a limited warranty. Thus, it argues that it should be free to litigate its claims and should not be compelled to arbitrate them. The problem with this argument is that the Association alleges that it is suing, at least in part, in its representative capacity. Florida Rule of Civil Procedure 1.221 expressly gives the Association the standing to bring an action on behalf of its members, including an action addressing “the roof or structural components of a building.” See also § 720.308(1), Fla. Stat. (2011) (authorizing the Association to maintain such actions).
But when the Association brings an action for damage to a roof or the exterior of a home that is individually owned by a member, we are unconvinced that its rights are superior to those of the actual owner. See Yacht Club Se., Inc. v. Sunset Harbour N. Condo. Ass’n, 843 So.2d 917, 919 (Fla. 3d DCA 2003) (recognizing that while the association may bring suit on behalf of the owners, it is the owners who are the real parties in interest). The Association essentially is assigned the right to bring the action for its members, and it receives that right with an obligation to comply with the arbitration agreements signed by each of its members.
The Association cannot avoid the obligation to arbitrate by alleging its claims in an ambiguous manner. On the other hand, we do not believe it should be compelled to arbitrate a claim that is actually the Association’s claim in its own right simply because the complaint lacked detail. Thus, although we reverse the order denying arbitration and hold that Pulte is entitled to enforce its arbitration agreements as to claims arising from the individual homeowners’ contracts with Pulte, the trial court should give the Association the opportunity to amend its complaint on remand to allege any claims of the Association that might proceed to litigation while the claims relating to the individual homes are arbitrated.
Reversed and remanded.
NORTHCUTT and LaROSE, JJ„ Concur.

. The complaint also names Trout Creek Properties, LLC, as a defendant. It allegedly was the developer for Vermillion. There is no indication in our record that Trout Creek was served or appeared in the circuit court. It has not been identified as an appellee in this proceeding and no one has served them in this appeal with the notices, motions, and briefs. See Fla. R.App. P. 9.020(g)(2).