WALLACE, Judge.
Pulte Home Corporation (Pulte) seeks review of the circuit court’s order denying its renewed motion to compel arbitration of an action brought by Bay at Cypress Creek Homeowners’ Association, Inc. (the HOA), for alleged building code violations under section 553.84, Florida Statutes (2011).[1] We reverse the order under review on the authority of Pulte Home Corp. v. Vermillion Homeowners Ass’n, 109 So.3d 233 (Fla. 2d DCA 2013).
The HOA made a tactical decision to plead its amended complaint as an action based on a statutory violation instead of as an action for breach of warranty. The HOA argues that it cannot be compelled to arbitrate its statutory claim. We disagree. The agreement to arbitrate applies to statutory claims as well as to claims for breach of warranty. See Reeves v. Ace Cash Express, Inc., 937 So.2d 1136, 1137 (Fla. 2d DCA 2006) (requiring the arbitration of a claim under the Florida Consumer Collection Practices Act); Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 261-62 (Fla. 2d DCA 2004) (noting that claims under the Florida Deceptive and Unfair Trade Practices Act may be submitted to arbitration); Beazer Homes Corp. v. Bailey, 940 So.2d 453, 461-62 (Fla. 5th DCA 2006) (same); Aztec Med. Sens., Inc. v. Burger, 792 So.2d 617, 622 (Fla. 4th DCA 2001) (collecting cases in which statutory claims have been held to be subject to arbitration). We also reject the HOA’s argument that subsequent purchasers of the units at the development are not bound by the arbitration agreement. Because the subsequent purchasers are permitted to assume Pulte’s Limited Warranty in favor of the initial purchasers, the subsequent purchasers are “third party beneficiaries to the Limited Warranty and can be compelled to arbitrate.” Fla. Farm Bureau Ins. Cos. v. Pulte Home Corp., 2005 WL 1345779, at *4 (M.D.Fla. June 6, 2005); see also J. Douglas Uloth & J. Hamilton Rial, III, Equitable Estoppel as a Basis for Compelling Nonsignatories to Arbitrate — A Bridge Too Far?, 21 Rev. Litig. 593, 602 (Summer 2002) (“[A]s a basic derivative of the principle that a third-party beneficiary steps into the shoes of a contracting party and is subject to all provisions of contract, a third-party beneficiary of a contract containing an arbitration provision can be compelled to arbitrate.”).
We have considered the HOA’s remaining arguments for affirmance, and we find them to be without merit. The remaining arguments do not warrant discussion.
We reverse the order denying Pulte’s renewed motion to compel arbitration, and we remand this case for further proceedings consistent with this opinion.
Reversed and remanded.
SILBERMAN and VILLANTI, JJ., Concur.

. We have jurisdiction in accordance with Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).