NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

REGINALD ANDERSON and MICHELLE )
ANDERSON, )
            )
   Appellants, )
            )
v. )  Case No. 2D16-314
            )
TAYLOR MORRISON OF FLORIDA, INC., )
            )
   Appellee. )
_____ )

Opinion filed May 31, 2017.

Appeal Pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Cheryl K. Thomas, Judge.

Matthew L. Wilson and Joshua E. Burnett
of Burnett Wilson Reeder, Tampa, for
Appellants.

J. Carlton Mitchel and Neal A. Sivyer of
Sivyer Barlow & Watson, P.A., Tampa,
for Appellee.

SILBERMAN, Judge.

   Reginald and Michelle Anderson appeal a nonfinal order that stays

proceedings in the trial court and compels arbitration in this action against their home

builder, Taylor Morrison of Florida, Inc. (the Builder). Because the arbitration provision

contained in the limited warranty (the Warranty) that the Builder provided to the

Andersons limits their statutory remedies, we conclude that the provision is void as against public policy. Therefore, we reverse the trial court's order and remand for further proceedings. Based on this disposition, we do not reach the remaining issue the Andersons raise of unconscionability.

In April 2009, the Andersons entered into a sales agreement with the Builder to purchase a home. The Andersons took possession of the home in November 2009. In June 2015, the Andersons provided notice to the Builder pursuant to section 558.004, Florida Statutes (2015), of construction defects based on building code violations. The notice referred to an attached engineering report and stated that the report found "construction defects associated with the application of the exterior stucco system to [the Andersons'] home." The report specified that the installation failed to meet the applicable building code provisions and that at multiple locations the cladding material had an inadequate thickness.

Unable to resolve the matter, the Andersons filed a three-count complaint in September 2015 alleging (1) violation of the Florida Building Code under section 553.84, Florida Statutes (2009); (2) breach of contract; and (3) violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), §§ 501.201-.213, Fla. Stat. (2009). The Andersons alleged that the Builder violated the building code "by inadequately and improperly installing the stucco system on" their home. They claimed that the code violations were latent and not readily observable or known to them "until damages began to manifest themselves in the form of cracking to the exterior stucco years after construction ended." They also alleged that the Builder knew or should have

known that the building code was violated during the construction of the home and that the violations caused damages to them.

The Builder sought to compel arbitration on the basis of a provision in the Warranty provided with the purchase of the home. The Andersons argued that the arbitration provision was void as against public policy because it barred recovery of all statutory and contractual claims and that it was unconscionable. After a hearing, the trial court granted the motion to compel arbitration and found the arbitration provision valid. In doing so, the trial court appeared to implicitly reject the argument that the provision was void as against public policy. The Andersons now challenge the order compelling arbitration, focusing on the statutory remedy for the alleged building code violations.

The sales agreement between the parties states that the Builder will provide the Andersons with a warranty in place of all other warranties, including those arising under state law. After closing, the Builder's sole responsibility "is to cover items under warranty." The Builder provided a copy of the three-page Warranty with the sales agreement. The Andersons signed an acknowledgement that they had received the copy, reviewed it, and agreed to its terms and conditions. The Warranty includes a one-year warranty providing that materials and workmanship in the home will be in compliance with the review criteria that are contained in "the Customer Care Guidelines," a separate document. The Warranty also includes a ten-year warranty for "Major Structural Issues" as defined in the document.

Based on the definition of major structural defect in the Warranty, which includes items such as foundation systems, load-bearing beams, and bearing walls, the

inadequate application of exterior stucco does not appear to fall within the coverage of the ten-year limited warranty. The one-year limited warranty addresses stucco finishes by reference to the review criteria, which provides that small cracks are common and that cracks that exceed one-eighth inch in width "are considered excessive" and are covered. The warranty does not otherwise address the proper application of stucco, including any required thickness. The complaint and notice allege violations of the building code based on improper application of stucco but do not specifically address whether the cracks in the home fall within the one-year warranty's definition of excessive. Rather, the Andersons asserted that the building code violations were not readily observable or known until the cracking appeared well after the one-year warranty expired.

With respect to arbitration, the Warranty contains an arbitration provision on the third page in a section titled Dispute Settlement. That section provides as follows:

> **Dispute Settlement**
> This Dispute Settlement provision sets forth the exclusive remedy for all disputes, claims or controversies arising out of, or in any manner related to, this Warranty or any alleged issues in your home or property. All disputes, claims or controversies which cannot be resolved between TM [the Builder] and you shall be submitted by you, not later than ninety (90) days after the expiration of the applicable warranty period, to the American Arbitration Association ("Arbitrator") for resolution in accordance with the rules and regulations of the Arbitrator. The final decision of the Arbitrator shall be binding on all parties and shall include final decisions relating to enforcement of the terms and provisions of this Warranty.

In addition, at the top of page one a statement in all capitals advises that the Warranty contains a binding arbitration provision, that the consumer should read the document in its entirety, and that the document contains exclusions.

The Warranty also contains a lengthy disclaimer of liability provision before the dispute settlement section. At the end of the disclaimer provision it states as follows:

> BUYER AGREES THAT THIS LIMITED WARRANTY SHALL BE THE EXCLUSIVE REMEDY FOR ANY ISSUES IN DESIGN, MATERIALS OR WORKMANSHIP. BUYER HERBY [sic] ASSUMES THE RISK OF ALL OTHER LOSS RESULTING FROM SUCH ISSUES, INCLUDING ANY CLAIMS FOR PROPERTY DAMAGE OR PERSONAL INJURY, AND WAIVE [sic] ALL OTHER CLAIMS, WHETHER IN CONTRACT, TORT OR OTHERWISE.

The Andersons contend that the arbitration provision, particularly when viewed in context with the limitation of remedies contained in the disclaimer provision, is void as against public policy because it prohibits any remedy, whether in tort, contract, or by statute, apart from items covered by the Warranty.

It is for the court, not the arbitrator, to determine whether a valid arbitration agreement exists. Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 459 (Fla. 2011). Our review of the validity of an arbitration agreement on the challenge that it violates public policy is a question of law subject to de novo review. Id. at 471. If an arbitration agreement violates public policy, then no valid agreement exists. Id. at 465; Global Travel Mktg., Inc. v. Shea, 908 So. 2d 392, 398 (Fla. 2005) ("No valid agreement exists if the arbitration clause is unenforceable on public policy grounds.").

An arbitration agreement is unenforceable for public policy reasons when it defeats the remedial purpose of a statute or prohibits the plaintiff from obtaining

meaningful relief under the statutory scheme.  S.D.S. Autos, Inc. v. Chrzanowski, 976 So. 2d 600, 606 (Fla. 1st DCA 2007) (dealing with FDUTPA).  "A remedial statute is one which confers or changes a remedy."  Shotts, 86 So. 3d at 473 (quoting Blankfeld v. Richmond Health Care, Inc., 902 So. 2d 296, 298 (Fla. 4th DCA 2005)) (dealing with Nursing Home Residents' Rights Act).  Section 553.84 is a remedial statute because it provides relief for a person whose home has been built in violation of the building code, "[n]othwithstanding any other remedies available."

The Builder contends that if the challenge is to the agreement as a whole but not specifically to the arbitration provision, the issue of the validity of the agreement is for the arbitrator to decide.  See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444, 449 (2006) (stating that the borrowers contended that the contract as a whole was invalid based on a usurious finance charge); Kaplan v. Divosta Homes, L.P., 983 So. 2d 1208, 1210 (Fla. 2d DCA 2008) (stating that the purchasers contended that the entire sales contract was void due to fraud); Hound Mounds, Inc. v. Finch, 153 So. 3d 368, 371 (Fla. 4th DCA 2014) (stating that the franchisee alleged the invalidity of the entire franchise agreement and did not specifically attack the arbitration provision).  Here, though, the Andersons do not challenge the Warranty as a whole or the sales agreement pursuant to which it was issued.  Rather, they challenge the arbitration provision because while it "sets forth the exclusive remedy for all disputes" arising from or related to the Warranty and all issues with the home or property, it precludes their ability to pursue their statutory claim.

The Builder also cites to Pulte Home Corp. v. Bay at Cypress Creek Homeowners' Ass'n, 118 So. 3d 957, 958 (Fla. 2d DCA 2013), in which this court

- 6 -

recognized that statutory claims for violation of a building code can be subject to arbitration. But there the arbitration agreement applied to claims for breach of warranty and statutory claims. Id.

Here, the sales agreement specifies that the Builder's responsibility after closing is only as to items that are covered by the Warranty, and the disclaimer provision precludes any claims that are not covered by the Warranty, "whether in contract, tort or otherwise." The arbitration provision states that "[t]his Dispute Settlement provision sets forth the exclusive remedy for all disputes, claims or controversies arising out of" or related to the Warranty or issues with the home or property. The next sentence states that all unresolved "disputes, claims or controversies" must be submitted to arbitration. These provisions establish that the only remedy afforded to the Andersons through arbitration is for specified Warranty claims and that all other claims, including the Andersons' statutory claims, are precluded.

Yet the Builder insists that despite the language in the documents, a non-warranty claim could be brought and must be arbitrated. We cannot agree. As this court stated in a case involving similar stucco claims, arbitration cannot be compelled where "the parties did not agree to arbitrate claims such as those presented here." Nunez v. Westfield Homes of Fla., Inc., 925 So. 2d 1108, 1109 (Fla. 2d DCA 2006).

In Nunez, the homeowners brought a claim alleging that the builder violated the building code by misapplying the exterior stucco. The builder moved to compel arbitration in accordance with its limited home warranty that required arbitration of unresolved warranty issues. Id. The court observed that the limited warranty did not obligate the builder to conform the home to the applicable building codes. Id. at 1110.

Moreover, while the warranty required the builder to repair exterior cracks in stucco that exceeded one-eighth of an inch in width, the homeowners' claim was not based on that condition. Id. The warranty in Nunez extended only to specified circumstances, not including building code violations, and the builder "chose to limit the scope of disputes subject to arbitration." Id.

Here, the language of the arbitration provision is seemingly broader than the arbitration language discussed in Nunez. The arbitration provision in the Warranty indicates that all issues related to the Warranty, the home, or the property are to be arbitrated. But read in context with other provisions in the Warranty, particularly the disclaimer provision, it is evident that the alleged building code violations cannot be remedied through arbitration because the claims are not covered by the Warranty and all non-Warranty claims are waived. As the Florida Supreme Court stated in Shotts, "any arbitration agreement that substantially diminishes or circumvents these [statutory] remedies stands in violation of the public policy of the State of Florida and is unenforceable." 86 So. 3d at 474. Simply put, the arbitration provision here effectively limits the Andersons' remedies to Warranty claims, as defined in the documents, and does not just substantially diminish the Andersons' statutory remedy for a violation of the building code but totally eliminates it.

Moreover, contrary to the Builder's argument this is not a situation where the challenge is to the validity of the limited warranty contract as a whole. The Andersons do not allege that the contract is usurious or was entered into based on fraud. See Buckeye Check Cashing, 546 U.S. at 444; Kaplan, 983 So. 2d at 1210.

Instead, they specifically challenged the arbitration provision because it precludes enforcement of a statutory remedy that is available to them.

Because the arbitration provision limited the Andersons to warranty claims and prevents their assertion of a statutory claim, the arbitration provision violates public policy and is unenforceable. See Shotts, 86 So. 3d at 474-75. Accordingly, we reverse the order compelling arbitration and remand to the trial court for further proceedings on the Andersons' complaint.

Reversed and remanded.


KELLY and BLACK, JJ., Concur.