DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OAKMONT CUSTOM HOMES, LLC,**
Appellant,

v.

**JENNIFER A. BILLINGS, AS TRUSTEE OF THE JENNIFER A.
BILLINGS REVOCABLE LIVING TRUST DATED 5/22/2007,**
Appellee.

No. 4D20-1263

[January 6, 2021]

Appeal of a nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Jennifer Alcorta Waters, Judge; L.T. Case No. 432019CA001181.

Louis E. Lozeau, Jr. of Wright, Ponsoldt & Lozeau, Trial Attorneys, L.L.P., Stuart, for appellant.

Roger C. Brown of Morgan & Morgan, P.A., Business Trial Group, West Palm Beach, for appellee.

PER CURIAM.

Oakmont Custom Homes, LLC, a defendant home builder, appeals a nonfinal order denying a motion to dismiss or compel arbitration. We agree with the trial court that the plaintiff is not bound by an arbitration provision in a building agreement that she was not a party to and affirm.

A second owner of the home, Jennifer A. Billings, has sued the builder for negligence (based on construction defects) and building code violations that have resulted in water damage and mold. The builder seeks to enforce an arbitration provision in the building agreement it entered with the original owner.

Importantly, Billings was never provided a copy of and never agreed to be bound by the building agreement when she purchased the home. Her amended complaint does not seek relief pursuant to the limited warranty in the building agreement. The builder, however, contends that she is still bound by the arbitration provision because she accepted assignment of

the limited warranty and her claims are sufficiently related to the building agreement.

In an addendum to Billings' purchase contract, the original owner transferred all warranties to her. The addendum did not reference the builder's limited warranty or the building agreement. Billings' purchase contract did not state that it was subject to the building agreement, and she did not receive a copy of the building agreement before closing on the home. Her claims against the builder do not seek to enforce the building agreement or otherwise depend on the building agreement.

The trial court concluded that Billings could not be compelled to arbitrate under these facts. We agree.

The builder asks this Court to follow *Pulte Home Corp. v. Bay at Cypress Creek Homeowners' Ass'n,* 118 So. 3d 957 (Fla. 2d DCA 2013), which reversed an order denying a builder's motion to compel arbitration of an HOA's complaint that alleged a statutory violation. The Second District reversed pursuant to *Pulte Home Corp. v. Vermillion Homeowners Ass'n,* 109 So. 3d 233 (Fla. 2d DCA 2013).

In *Vermillion,* the Second District explained that the homeowners association was required to arbitrate even though it did not sign a purchase agreement or limited warranty because it was suing in its representative capacity. 109 So. 3d at 234. The association did not have rights superior to its members, and it was obliged to comply with arbitration agreements signed by each of the members. *Id.* at 235.

Here, unlike the homeowners in *Vermillion,* Billings did not sign the building agreement or any agreement to arbitrate with the builder.

In *Bay at Cypress Creek,* the Second District also rejected an argument that subsequent purchasers were not bound by the arbitration agreement. The court concluded that they could be compelled to arbitrate as third-party beneficiaries because they were permitted to assume the builder's limited warranty. 118 So. 3d at 958.

We do not know whether the subsequent purchasers in that case are similarly situated to Billings. In any event, we agree with the trial court that the builder cannot compel arbitration under the circumstances in this case. Here, nothing in Billings' contract indicated that by accepting transfer of all warranties she agreed to be bound by the building agreement and to arbitrate any non-warranty claim against the builder, and she is not seeking to enforce the third-party contract. *See Hymowitz v. Delcrest*

*Bldg. Corp.*, 770 So. 2d 1271 (Fla. 4th DCA 2000); *Temple Emanu-El of Greater Fort Lauderdale v. Tremarco Indus., Inc.*, 705 So. 2d 983 (Fla. 4th DCA 1998) (reversing orders compelling arbitration where the agreement between the parties referenced but did not specifically incorporate a separate agreement containing an arbitration provision). No evidence exists that she was even aware of the building agreement and the builder's limited warranty when she purchased the home. Under these facts, the builder failed to prove an enforceable agreement to arbitrate the claims in the amended complaint. The trial court did not err in denying the motion to compel arbitration.

Accordingly, we affirm.

LEVINE, C.J., WARNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***