870 So.2d 908 (2004)
ENGLE HOMES, INC., a Florida corporation, Engle Homes/Broward, Inc., a Florida corporation, and TZ Window Installation, Inc., a Florida corporation, Appellants,
v.
Harold M. JONES, III, and Laura Suthkonen Jones f/k/a Laura Suthkonen Goidich, Appellees.
No. 4D03-2038.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
*909 Lucinda A. Hofmann and Cathy A. Williams of Holland & Knight LLP, Fort Lauderdale, for appellants Engle Homes, Inc. and Engle Homes/Broward, Inc.
Scott N. Gelfand and Adam F. Haimo of Hodgson Russ LLP, Boca Raton, for appellees.
GUNTHER, J.
Engle Homes, Inc. and Engle Homes/Broward, Inc. ("Engle Homes") appeal the trial court's order denying their motion to compel arbitration of the appellee's claims. We reverse and remand.
Engle Homes and Harold and Laura Jones executed a Purchase Agreement for the construction of a new home. Paragraph fifteen of the Purchase Agreement stated:
ARBITRATION. Any and all unsettled claims or disputes regarding the construction of Residence arising after closing shall be settled by binding arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association and judgment upon the award rendered by the arbitration may be entered in a court having jurisdiction thereof. Any and all disputes relating to the warranty obligations set forth in the limited warranty issued by SELLER to PURCHASER shall be subject to arbitration as set forth within the limited warranty. This provision shall survive the closing.
(Emphasis added).
In November 2002, the Joneses sued Engle Homes asserting a cause of "action for damages arising from mold infestation of ... [their home due to] the negligent design and construction of the home by Engle Homes and its window subcontractor TZ Window."[1] The Joneses alleged that due to the negligence of Engle Homes, their "home [was] rendered unlivable[,]" and that they "suffered severe adverse health consequences" and damage to their personal belongings in the home. In seeking to recover damages for their home, property, and personal injuries, the Joneses asserted claims in their complaint for negligence, breach of implied warranty, *910 professional negligence, breach of contract/express warranty, negligence (non-contractual damages), and violation of the Florida Building Code.
Based on paragraph fifteen of the Purchase Agreement, Engle Homes moved to compel arbitration and stay litigation. The trial court held a hearing on this motion and issued a non-final order denying the motion to compel "upon the authority of Whitehurst v. Camp, 699 So.2d 679 (Fla.1997) and Seifert v. U.S. Home Corporation, 750 So.2d 633 (Fla.1999)." Whitehurst was a case cited by the Joneses in arguing that the arbitration clause was not controlling because it merged into the deed and was extinguished, and Seifert was a case cited by the Joneses when they argued that particular claims they made were not covered by the arbitration clause. Engle Homes now appeals the trial court's order denying its motion to compel arbitration.
Whether a particular issue is subject to arbitration is "a matter of contract interpretation" that is subject to de novo review. Ocwen Fed. Bank FSB v. LVWD, Ltd., 766 So.2d 248, 249 (Fla. 4th DCA 2000). There are "three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; (3) whether the right to arbitration was waived." Seifert, 750 So.2d at 636. At issue in this case are the first two elements.
We reject the Joneses' argument that no agreement to arbitrate exists because the arbitration clause in the contract merged into the deed and was extinguished. Under the merger doctrine, "[i]t is a general rule that preliminary agreements and understandings relative to the sale of property usually merge in the deed executed pursuant thereto." Milu, Inc. v. Duke, 204 So.2d 31, 33 (Fla. 3d DCA 1967). The Joneses have argued that Whitehurst, stands for the proposition that there are no longer any exceptions to this rule. This argument is completely without merit. In Whitehurst, the court did not address the direct application of the merger doctrine but merely analogized to it in dicta when considering whether the prejudgment contractual interest rate or the statutory interest rate applied to an award for post-judgment interest. 699 So.2d at 683-84. Nowhere in Whitehurst does the court state that the exceptions to the merger doctrine previously recognized by Florida courts do not apply. Thus, the exceptions to the general merger doctrine rule are viable and applicable to this case.
Florida courts have found that the merger doctrine "does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed, or which are not necessarily performed or satisfied by the execution and delivery of the stipulated conveyance." Duke, 204 So.2d at 33; see also Sager v. Turner, 402 So.2d 1282, 1283 (Fla. 4th DCA 1981) (citing Duke, 204 So.2d at 33); Rubell v. Finkelstein, 679 So.2d 889, 889 (Fla. 3d DCA 1996); Am. Nat'l Self Storage, Inc. v. Lopez-Aguiar, 521 So.2d 303, 305 (Fla. 3d DCA 1988). Here, based on the language in the arbitration provision of the Purchase Agreement, which specifically states "[t]his provision shall survive closing," it is clear that this provision was not meant to be extinguished by delivery of the deed and was not satisfied by the delivery of the deed. Thus, the arbitration clause survived closing and may be applied in this case.
The Joneses have not argued that their claims of breach of implied warranty and breach of express warranty are not subject to arbitration. However, the Joneses have *911 argued that the arbitration provision in the contract was not enforceable as to their tort claims for personal injury or their personal property claims. Relying on Seifert, which states that "no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate," the Joneses argue that the arbitration clause does not clearly indicate that it applies to these tort or property claims. 750 So.2d at 636.
In Seifert, a contract between the Seiferts and U.S. Home "explicitly ... [referred] only to the sale and purchase of a[new] house" and stated that "[a]ny controversy or claim arising under or related to this Agreement or to the Property ... or with respect to any claim arising by virtue of any representations alleged to have been made by the Seller or Seller's representative" would be subject to arbitration. Id. at 635, 641. After moving into the newly constructed home, Mrs. Seifert sued U.S. Home. Id. at 635. Mrs. Seifert asserted negligence and strict liability claims against U.S. Home after "the Seiferts' car was left running in the garage, and the air conditioning system located in the garage picked up the carbon monoxide emissions from the car and distributed them into the house, killing Mr. Seifert." Id. The court stated that in order for a claim to be submitted to arbitration, there must be "some nexus between the dispute and the contract containing the arbitration clause." Id. at 638. The court found that neither the language in the contract between the Seiferts and U.S. Home or specifically in the arbitration clause was sufficient to demonstrate "that either party intended to include [the] tort claims for personal injuries," which were being asserted by the Seiferts. Id. at 641.
In this case, the Joneses have stated that the nature of their cause of action is one asserting "negligent design and construction" of their residence. Here, as in Seifert, the Purchase Agreement between the Joneses and Engle Homes was for the sale and purchase of a new home; however, in this case, the arbitration clause specifically states that "[a]ny and all unsettled claims or disputes regarding the construction of Residence arising after closing shall be settled by binding arbitration." (Emphasis added). Thus, unlike the situation in Seifert, the arbitration clause specifically indicates that the parties intended to arbitrate the claims relating to the construction of the residence which includes the claims of negligent design and construction now asserted by the Joneses. See Sears Authorized Termite & Pest Control v. Sullivan, 816 So.2d 603, 606 (Fla.2002) (finding that because the intent of the extermination agreement was "to `control' spiders [and] .... [t]he plain language of this arbitration clause ... [covered] the `performance' of ... [the] agreement," the situation was "clearly distinct from Seifert," and thus, Sullivan's personal injury claims based on spider bites which allegedly occurred because of Sears's failure to control the spiders were subject to arbitration).
Because the Joneses' personal injury and property damage claims relating to the negligent design and construction of their home are addressed by the arbitration clause, they are subject to arbitration. The Joneses' other claims, including their breach of warranty claims, are also subject to arbitration. We reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
FARMER, C.J., and GROSS, J., concur.
NOTES
[1] TZ Window is not a party to this appeal as it was not subject to the Purchase Agreement.