983 So.2d 1208 (2008)
Alexander L. KAPLAN and Denise A. Kaplan, Appellants/Cross-Appellees,
v.
DIVOSTA HOMES, L.P., and Villagewalk of Bonita Springs Homeowners Association, Inc., Appellees/Cross-Appellants.
No. 2D07-5113.
District Court of Appeal of Florida, Second District.
May 23, 2008.
Rehearing Denied June 23, 2008.
*1209 Alexander L. Kaplan of Alexander L. Kaplan, P.A., Naples, for Appellants/Cross-Appellees.
Susan R. Healy of Vernon Healy, Naples, and Scott M. Grant of Scott M. Grant, P.A., Naples, for Appellees/Cross-Appellants.
LaROSE, Judge.
Alexander and Denise Kaplan appeal the trial court's order compelling arbitration of their rescission and fraud claims against Divosta Homes, L.P. (Divosta), and Villagewalk of Bonita Springs Homeowners Association (the Association). Divosta and the Association cross-appeal the trial court's denial of their motion to compel arbitration of the Kaplans' claims relating to enforcement of covenants and restrictions and for personal injury sustained by Mr. Kaplan due to mold exposure. We have jurisdiction, see Fla. R.App. P. 9.130(a)(3)(C)(iv), and affirm.
In 2006, the Kaplans bought a home from Divosta. Dissatisfied with various aspects of their new home and community, *1210 they sued. The sales contract contained the following arbitration provision:

Arbitration. Any controversy, claim or dispute arising out of or relating to this Contract or the purchase of the Unit . . . shall be settled by binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . and the Federal Arbitration Act . . . and judgment rendered by the arbitrator(s) may be confirmed, entered and enforced in any court having jurisdiction.
Other pertinent contract provisions provided as follows:

No Third Party Beneficiaries. The provisions of this Contract are for the exclusive benefit of the Seller and the Purchaser and no other parties shall have any right or claim against the Seller or the Purchaser by reason of this Contract, or be entitled to benefit therefrom or to enforce any of the provisions thereof, unless a benefit is specifically granted to such a third party under this Contract.
. . . .

Survival. All terms, conditions, and provisions of this Contract which are expressly or impliedly intended to survive the Closing of this Contract shall survive the Closing of this Cont[r]act and the delivery of the deed unless otherwise specifically stated in this Contract.
Divosta and the Association moved to compel arbitration. The trial court ordered arbitration of the Kaplans' rescission and fraud claims. It denied the motion as it related to the covenants and restrictions and personal injury claims. On appeal, the Kaplans argue that their claims arise in tort and are not arbitrable. They also argue that the sales contract is void because of fraud.[1] However, they do not challenge the making of the arbitration provision. On the cross-appeal, Divosta and the Association argue that all claims are subject to arbitration.
The arbitration provision is governed by the Federal Arbitration Act. See 9 U.S.C. §§ 1-16. Accordingly, the provision is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under both the Federal Arbitration Act and the Florida Arbitration Code, section 682.01-.22, Florida Statutes (2006), the courts examine three elements in considering a motion to compel arbitration: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration was waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). Only the first and second elements are of concern in this appeal.
The Kaplans argue that Divosta's fraud voided the sales contract and entitled them to rescission. Thus, according to the Kaplans, because the underlying sales contract is void, the arbitration provision contained therein necessarily fails. The Supreme Court rejected this argument in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006). There, the court addressed whether a claim that a contract was void as usurious was to be decided by a court or an arbitrator. See id. at 444-45, *1211 126 S.Ct. 1204. As in Buckeye, the Kaplans did not challenge the making of the arbitration provision; they challenged the sales contract as a whole. Under Buckeye, unless the challenge is to the arbitration provision itself, contract validity is a matter for the arbitrator. Id. at 445-46, 126 S.Ct. 1204 (citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)). The Supreme Court reached the same result in Prima Paint when addressing fraudulent inducement claims. 388 U.S. at 405-06, 87 S.Ct. 1801. The rescission and fraud claims are inextricably tied to the sales contract and necessarily involve issues within the scope of the arbitration clause. The trial court properly compelled arbitration of those claims.
We find no merit in the Kaplans' argument that the arbitration clause is unenforceable because it did not survive closing. We conclude that the arbitration clause survived and was intended to provide a forum for resolution of disputes, if any, that arose postclosing. See Auchter Co. v. Zagloul, 949 So.2d 1189, 1194-95 (Fla. 1st DCA 2007) (holding contract's dispute resolution provisions survived property owner's purported termination of contract). We also find no merit in the Kaplans' argument that the arbitration clause is an unenforceable adhesion contract. Nothing in the record suggests that the provision was unfair, unexpected, or nonnegotiable.
In their cross-appeal, Divosta and the Association argue that the trial court should have compelled arbitration of all claims. The trial court properly refused to compel arbitration of the claims against the Association. The Association was not a signatory to the arbitration clause, nor was it a third-party beneficiary of the sales contract. Moreover, the covenants and restrictions claims and personal injury claim cannot reasonably be said to fall within the scope of the arbitration clause.
The phrase "arising out of or relating to," as is used in the arbitration provision, may be said to encompass virtually all disputes between the contracting parties. See Seifert, 750 So.2d at 637 (citing Southland, 465 U.S. at 15 n. 7, 104 S.Ct. 852 (involving claims for fraud, misrepresentation, breach of contract, breach of fiduciary duty, and violation of state franchise investment law)); Prima Paint, 388 U.S. at 406, 87 S.Ct. 1801 (holding that contractual language "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof" is "easily broad enough to encompass" claim for fraud in inducement of contract).
Not every dispute, however, is subject to arbitration, irrespective of the facially broad scope of the arbitration provision. There must be a significant relationship between the claim and the contract containing the arbitration clause. See Seifert, 750 So.2d at 637-38 (citing Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 93 (4th Cir.1996)). As Seifert makes clear, this nexus requires, at a minimum, "some issue the resolution of which requires reference to or construction of some portion of the contract itself." Id. at 638; see also Kaplan v. Kimball Hill Homes Fla., Inc., 915 So.2d 755 (Fla. 2d DCA 2005) (finding that claims did fall within scope of agreement to arbitrate disputes related to the contract); Stacy David, Inc. v. Consuegra, 845 So.2d 303 (Fla. 2d DCA 2003) (finding claims arose from contract and thus were subject to broad arbitration clause in contract).
The claims involved in the cross-appeal are not directly related to the sales *1212 contract and do not necessarily rely on construction or interpretation of that contract for resolution. Indeed, the factual allegations in the second amended complaint do not rely on the sales contract. These attenuated claims are insufficiently related to the sales contract to require submission to arbitration. See Seifert, 750 So.2d at 642-43 (finding wrongful death claim was not subject to arbitration agreement in contract for purchase and sale because of insufficient relationship to the agreement).[2]
Affirmed.
NORTHCUTT, C.J., and DAVIS, J., Concur.
NOTES
[1] More precisely, the Kaplans' claim appears to be based on one of fraudulent inducement. "It is axiomatic that fraudulent inducement renders a contract voidable, not void." Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So.2d 306, 313 (Fla.2000). Fraudulent inducement claims typically are arbitrable under an, arbitration provision of a contract. See, e.g., Kel Homes, LLC v. Burris, 933 So.2d 699, 704 (Fla. 2d DCA 2006); Maguire v. King, 917 So.2d 263, 267 (Fla. 5th DCA 2005).
[2] The arbitration clause does not empower the arbitrator to decide whether any particular issue is arbitrable. See, e.g., Mercedes Homes, Inc. v. Rosario, 920 So.2d 1254 (Fla. 2d DCA 2006); Mercedes Homes, Inc. v. Colon, 966 So.2d 10 (Fla. 5th DCA 2007).