CIKLIN, J.
 

 The purchasers of a home (“appellants”) appeal the trial court’s order compelling arbitration in them action against the builder. The appellants assert that them personal injury claims for mold exposure are based on duties of care imposed by common law — and not on the purchase agreement containing the arbitration clause — and therefore are not arbitrable. We find that the language in the contract requires arbitration for the claims brought by the purchasers and must be enforced. The trial court was correct when it required arbitration and thus, we affirm.
 

 Appellants, Jose and Lorena Rodriguez, filed an amended complaint against Builders Firstsource — Florida, LLC (“Builders”), Boynton Beach Associates, XVI, LLLP (“GL Associates”), Boynton Beach XVI Corporation (“GL Corp.”), and G.L. Homes of Florida Corporation (“GL Florida”) seeking damages arising from mold infestation of a luxury home in Boynton Beach. The appellants allege that the damages were caused by the negligent design and construction of the home by GL Associates, GL Corp., and GL Florida, and the window contractor, Builders. In fourteen counts, the appellants claimed property damages as well as substantial adverse health consequences caused by the mold infestation. The appellants also brought claims on behalf of their two minor children.
 

 GL Associates, GL Corp., and GL Florida (collectively and hereinafter “GL”) moved to compel arbitration. Builders did not join in this motion. The motion asserted that the July 16, 2004 “Purchase Contract” contained a mandatory arbitration provision that applied to any claims associated with alleged design and construction defects.
 

 Following a hearing, the trial court entered an order granting GL’s motion to compel arbitration. The appellants appeal from that non-final order.
 

 “Whether a particular issue is subject to arbitration is generally considered a matter of contract interpretation, and, therefore, the standard of review is de novo.”
 
 Hirshenson v. Spaccio,
 
 800 So.2d 670, 674 (Fla. 5th DCA 2001).
 

 “[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.”
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999). Appellants dispute the second element. “[T]he determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.”
 
 Id.
 
 at 638.
 

 Paragraph H. 19 of the Purchase Contract provides:
 

 19. Dispute Resolution Procedures. Please read this section carefully as it greatly impacts Purchaser’s rights in the event of a dispute with Seller. This Contract provides that all
 
 post-closing
 
 claims, disputes and controversies between Purchaser and Seller will be resolved by binding arbitration except only with respect to those relating to Sections G.5 and G.6 above. This means that in such instances, Purchaser and Seller each give up their right to go to court to assert or defend their respective rights under this Contract. In that regard, PURCHASER AND SELLER HEREBY MUTUALLY, KNOWINGLY AND
 
 *681
 
 VOLUNTARILY AGREE THAT, EXCEPT ONLY WITH RESPECT TO SECTIONS G.5 AND G.6 ABOVE, ANY AND ALL CLAIMS, DISPUTES AND CONTROVERSIES BY OR BETWEEN PURCHASER AND SELLER ARISING FROM OR RELATED TO THE HOME, WHICH OCCURS
 
 AFTER
 
 CLOSING (INCLUDING, WITHOUT LIMITATION, ANY CLAIMED DEFECT IN OR TO THE HOME, THE REAL PROPERTY ON WHICH THE HOME IS SITUATED, OR THE CONSTRUCTION OF THE HOME, OR CLAIMS RELATING TO THE SALE OF THE HOME, OR ANY CLAIMS FOR PERSONAL INJURY OR DEATH, OR ANY CLAIMS FOR BREACH OF CONTRACT, OR ANY CLAIMS FOR NEGLIGENT OR INTENTIONAL MISREPRESENTATION, OR NONDISCLOSURE IN THE INDUCEMENT, EXECUTION OR PERFORMANCE OF ANY CONTRACT, OR BREACH OF ANY ALLEGED DUTY OF GOOD FAITH AND FAIR DEALING) SHALL BE SUBMITTED TO BINDING ARBITRATION BY AND PURSUANT TO THE RULES OF CONSTRUCTION ARBITRATION SERVICES, INC. IN EFFECT AT THE TIME OF THE REQUEST FOR ARBITRATION, AND GOVERNED BY THE FEDERAL ARBITRATION ACT, IN STRICT COMPLIANCE WITH THE PROCEDURES AND MANNER SET FORTH IN THE DWELLING WARRANTY (WHICH PURCHASER ACKNOWLEDGES RECEIPT OF AND WHICH HAS BEEN INCORPORATED INTO THIS CONTRACT PURSUANT TO SECTION C.8 ABOVE).
 

 (All emphasis shown included in original).
 

 Our decision in
 
 Engle Homes, Inc. v. Jones,
 
 870 So.2d 908, 909 (Fla. 4th DCA 2004) controls this issue. In the plaintiffs sued their builders for damages arising from mold infestation of their home due to alleged negligent design and construction of the home. Based on the purchase agreement, the builders moved to compel arbitration and stay litigation. An arbitration clause in the purchase agreement provided, in part, that “[a]ny and all unsettled claims or disputes regarding the construction of Residence arising after closing shall be settled by binding arbitration.”
 
 Id.
 
 at 909 (emphasis added in original). The trial court denied the motion.
 
 Id.
 
 at 910. On appeal, this court reversed and remanded, finding that “[bjecause the Joneses’ personal injury and property damage claims relating to the negligent design and construction of their home are addressed by the arbitration clause, they are subject to arbitration.”
 
 Id.
 
 at 911.
 

 The appellants argue that recent case-law has departed from this court’s holding in
 
 Engle.
 
 These cases, argue the appellants, support the finding that mold personal injury claims are outside the purview of arbitration. In support of this contention, appellants cite the cases of
 
 Oberstar v. Divosta Homes, L.P.,
 
 No. 2:08-ev-115-FtM-29SPC, 2008 WL 4811408 (M.D.Fla. Nov. 5, 2008) and
 
 Kaplan v. Divosta Homes, L.P.,
 
 983 So.2d 1208 (Fla. 2d DCA 2008).
 

 In
 
 Oberstar,
 
 the federal district court accepted the Report and Recommendation by a magistrate judge denying the motion to dismiss or for a stay to compel arbitration filed by the builder of a home. 2008 WL 4811408 at *1. The buyers had sued the builders for personal injury due to “mold infestations in the subject property caused by the Defendant’s negligent construction which allowed water to seep into the house and caused mold.”
 
 Id.
 
 at
 
 *2.
 
 The sales contract contained an arbitration clause requiring “[ajny controversy, claim or dispute arising out of or relating to this Contract or the Purchase of the Unit (other than claims under the Limited Warran
 
 *682
 
 ty) shall be settled by binding arbitration.”
 
 Id.
 
 The magistrate found that “the factual allegations in the Complaint do not rely on the [sales] contract ... but were referring to after occurring events that were allegedly caused by the Defendant’s negligent construction.”
 
 Id.
 
 at *5.
 

 In
 
 Kaplan,
 
 the trial court granted the builder’s motion for arbitration on the plaintiffs rescission and fraud claims, but denied it as it related to the covenants and restrictions and personal injury claims due to mold exposure. The plaintiffs argued that the claims arose in tort and were not arbitrable. The relevant arbitration clause in the sales contract provided that “[a]ny controversy, claim or dispute arising out of or relating to this Contract or the purchase of the Unit ... shall be settled by binding arbitration.” 983 So.2d at 1210. As to the personal injury claims due to mold exposure, the appellate court found that they “are not directly related to the sales contract and do not necessarily rely on construction or interpretation of that contract for resolution.”
 
 Id,,
 
 at 1211-12.
 

 What differentiates
 
 Oberstar
 
 and
 
 Kap-lan
 
 from
 
 Engle
 
 and the instant case is the arbitration contract language agreed to by the parties. In
 
 Oberstar
 
 and
 
 Kaplan
 
 the arbitration provisions were non-specifically worded to include “[a]ny controversy, claim or dispute arising out of or relating to this Contract or the purchase of the Unit,” whereas the arbitration clause in
 
 Engle
 
 specifically related to problems with the actual construction: “[a]ny and all unsettled claims or disputes regarding the construction of Residence arising after closing shall be settled by binding arbitration.” Like
 
 Engle
 
 and unlike
 
 Oberstar
 
 and
 
 Kaplan,
 
 the Purchase Contract here did mandate arbitration to specifically enumerated claims: “Any claimed defect in or to the home ... or the construction of the home ... or any claims for personal injury ... shall be submitted to binding arbitration.” The claims in the amended complaint center around negligent design and construction and personal injury.
 

 The trial court did not err in granting GL’s motion to compel arbitration.
 
 Compare Seifert,
 
 750 So.2d at 641 (“The absence of any mention of the parties’ rights in the event of personal injuries or death arising out of any alleged tortious conduct such as that which allegedly occurred in this case creates ambiguity and uncertainty as to the intent of
 
 the
 
 parties.”).
 

 The language of the Purchase Contract clearly and unambiguously requires submission to binding arbitration for the claims stated in the amended complaint. “A court is not empowered to rewrite a clear and unambiguous provision, nor should it attempt to make an otherwise valid contract more reasonable for one of the parties.”
 
 N. Am. Van Lines v. Collyer,
 
 616 So.2d 177, 179 (Fla. 5th DCA 1993);
 
 see also Barakat v. Broward County Hous. Auth.,
 
 771 So.2d 1193, 1195 (Fla. 4th DCA 2000) (“It is never the role of a trial court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bad bargain.”). “The general rule is that competent parties shall have the utmost liberty of contracting and their agreements voluntarily and fairly made will be upheld and sustained by the courts.... The fact that one of the parties to a contract made a hard bargain will not alone avoid a contract.”
 
 Pierce v. Isaac,
 
 134 Fla. 666, 184 So. 509, 513 (1938).
 

 Appellants also raise several additional issues which we find were not preserved for appeal or to be without merit.
 

 Affmned.
 

 MAY and DAMOORGIAN, JJ., concur.