DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LENNAR HOMES, LLC,**
Appellant,

v.

**MATTHEW WILKINSKY,**
Appellee.

No. 4D22-1239

[January 4, 2023]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara Anne McCarthy, Judge; L.T. Case No. CACE21-016619.

David M. Gersten and Eric R. Thompson of Gordon Rees Scully Mansukhani, Miami, and Kelly Ann Luther and Giselle G. Manseur of Kasowitz Benson Torres LLP, Miami, for appellant.

William G. Wolk of Eaton & Wolk, PL, Miami, for appellee.

PER CURIAM.

Lennar Homes, LLC, appeals a nonfinal order denying its motion to compel arbitration. The trial court denied the motion based on *Dewees v. Johnson*, 329 So. 3d 765 (Fla. 4th DCA 2021).

Unlike *Dewees*, the arbitration provisions in this case expressly and unambiguously extend to personal injuries suffered by plaintiff within the residential community where the home he purchased was located. Because the arbitration provisions are clear, the "significant relationship" test used in *Dewees* does not apply. *Id.* at 770. Thus, we reverse.

### *Background*

Lennar developed the Cascata at MiraLago residential community (the "Community"). In 2018, Lennar sold a home in the Community to plaintiff Matthew Wilkinsky.

The arbitration clause in the Purchase and Sale Agreement states:

> The parties to this Agreement specifically agree that . . . *any Dispute (as hereinafter defined) shall* first be submitted to mediation and, if not settled during mediation, shall thereafter *be submitted to binding arbitration . . .* and not by or in a court of law or equity. "***Disputes***" (whether contract, warranty, *tort*, statutory or otherwise), *shall include, but are not limited to, any and all controversies, disputes or claims* (1) arising under, or related to, this Agreement, the Property, *the Community* or any dealings between Buyer and Seller; (2) arising by virtue of any representations, promises or warranties alleged to have been made by Seller or Seller's representative; *(3) relating to personal injury or property damage alleged to have been sustained by Buyer,* Buyer's children or other occupants of the Property, or *in the Community* . . . .

(emphasis added). The deed contains an arbitration clause that similarly includes personal injuries sustained "in the Community."

In 2020, Wilkinsky was riding his bicycle on a road in the Community when he fell and suffered injuries. He sued Lennar for negligence, alleging that his injuries were caused by a raised manhole cover that was improperly paved by Lennar or its agents.

Lennar filed a motion to dismiss and to compel arbitration. Wilkinsky responded that, in *Dewees*, this Court held a similar arbitration clause in a home sale contract was "overbroad and inapplicable to personal injuries because there was no contractual nexus between the injury claim" and the home purchase contract.

The trial court denied Lennar's motion to compel based on *Dewees*. This appeal follows.

## Analysis

Our review of the purely legal issues is de novo. *Hayslip v. U.S. Home Corp.,* 276 So. 3d 109, 113 (Fla. 2d DCA 2019). Public policy favors arbitration, and "[a]ny doubt about the scope of the arbitration clause should be resolved in favor of arbitration." *Fed. Vending, Inc. v. Steak & Ale of Fla., Inc.,* 687 So. 2d 1366, 1368 (Fla. 4th DCA 1997).

This case turns on the meaning of *Dewees*. We find that the trial court erred in ruling that *Dewees* restricted the scope of the unambiguous clause in this case, which expressly includes personal injury claims "in

the Community." In this case, the plain language of the arbitration agreement controls.

In *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999), the Florida Supreme Court recognized that the parties' intent controls and that an arbitration clause can include tort claims. "The intent of the parties to a contract, as manifested in the plain language of the arbitration provision and contract itself, determines whether a dispute is subject to arbitration." *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013).

The "significant relationship" or "contractual nexus" test applied in *Dewees* is used to determine the scope of a broad arbitration clause, such as one that applies to claims "relating to" a contract:

> Two basic types of arbitration provisions have emerged: (1) provisions with language and application narrow in scope, and (2) provisions with language and application broad in scope. An arbitration provision that is considered to be narrow in scope typically requires arbitration for claims or controversies "arising out of" the subject contract. This type of provision limits arbitration to those claims that have a direct relationship to a contract's terms and provisions. In contrast, an arbitration provision that is considered to be broad in scope typically requires arbitration for claims or controversies "arising out of *or relating to*" the subject contract. *The addition of the words "relating to" broadens the scope of an arbitration provision to include those claims that are described as having a "significant relationship" to the contract—regardless of whether the claim is founded in tort or contract law.*

*Jackson*, 108 So. 3d at 593 (emphasis added) (citations omitted).

The significant relationship or contractual nexus test applies only where the arbitration agreement uses broad language that does not expressly include the claim at issue.

"[W]hen the language of the contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with its plain meaning." *Lake City Fire & Rescue Ass'n, Local 2288 v. City of Lake City*, 240 So. 3d 128, 130 (Fla. 1st DCA 2018) (citation omitted).

The trial court mistakenly believed that, pursuant to *Dewees*, the scope of an arbitration agreement is always limited to claims with a contractual

nexus to the agreement. But *Dewees* required interpretation of a broad arbitration clause that did not expressly apply to personal injury claims in the community.

In *Dewees*, the plaintiff purchased a home in a residential community and brought a negligence claim against the developer for injuries suffered in a bicycle accident allegedly caused by the developer failing to properly maintain the roadways. 329 So. 3d at 767. The parties' purchase agreement contained a broad arbitration clause.[1]

Importantly, the clause in *Dewees* included personal injury claims, *but did not expressly provide that it applied to personal injury claims "in the community."* *Id.* at 770.

Because the arbitration language in *Dewees* was broad but ambiguous as to whether it included the tort claim at issue, this Court applied the "significant relationship" test. *Id.* ("Here, because the Purchase Contract includes an arbitration provision containing broad arbitration language, the claims subject to arbitration are not only those that arise out of the Purchase Contract but also those with a significant relationship to the Purchase Contract.").

---

[1] The arbitration clause in *Dewees* provided:

> This contract provides that all post-closing claims, disputes, and controversies (hereinafter collectively "claims") between purchaser and seller will be resolved by binding arbitration . . . .

> [P]urchaser and seller hereby mutually, knowingly and voluntarily agree that . . . any and all claims by or between purchaser and seller which occur post-closing, even those based upon a theory not recognized at the time this agreement is executed, shall be submitted to binding arbitration for resolution, such claims include, without limitation, claims that arise from or in connection with, or relate to: . . . (C) the home, its design, or its construction; (D) the real property on which the home is situated . . . . This provision shall apply to all post-closing claims . . . regardless of the legal theory alleged (including, without limitation, breach of contract, tort, violation of statute, code, rule or regulation, or breach of any implied covenant or duty), the type of injury alleged (including, without limitation, monetary, property damage, personal injury . . . .

329 So. 3d at 767-68.

Unlike the arbitration provision in *Dewees*, here, the arbitration provisions are unambiguous and expressly extend to personal injuries "in the Community."  The plain language of the agreement controls.[2]

Accordingly, we reverse and remand with directions to grant the motion to dismiss and to compel arbitration.

*Reversed and remanded.*

GROSS, CIKLIN and LEVINE, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Wilkinsky also contends that he did not agree to arbitrate the tort claims because the agreement provides that arbitration is pursuant to the American Arbitration Association ("AAA") Home Construction Arbitration Rules or the AAA's Construction Industry Arbitration Rules.  This argument has no merit.  Personal injury claims are not excluded by these rules.  Additionally, we have previously enforced arbitration clauses as to tort claims under these rules.  *See, e.g.*, *Engle Homes, Inc. v. Jones*, 870 So. 2d 908, 909, 911 (Fla. 4th DCA 2004).